ZURN, Administrator, Respondent, vs. WHATLEY, JR., Defendant: MARSH, Defendant and Appellant: WHATLEY, JR., Respondent, vs. MATTHES, Interpleaded Defendant and Appellant.

*November 9—December 5, 1933.*

For the appellant Marsh there was a brief by *Lamfrom, Tighe, Engelhard & Peck* of Milwaukee, and oral argument by *A. J. Engelhard.*

For the interpleaded appellant Matthes there were briefs by *J. L. Schlatterer* and *Regan & McCue* of Milwaukee, attorneys, and *Harold M. Wilkie* of Madison of counsel, and oral argument by *Mr. Schlatterer* and *Mr. Wilkie.*

For the respondent Zurn there was a brief by *William A. Hayes* and *Robert I. Hayes* of Milwaukee, and oral argument by *William A. Hayes.*

For the respondent Whatley there was a brief by *Benton, Bosser & Tuttrup* of Appleton, and oral argument by *Homer H. Benton.*

FOWLER, J. The appellant Marsh claims that (1) as matter of law neither his son nor Whatley was his agent in driving the car and that the court erroneously found (2) that his son was a co-driver with Whatley and as such was negligent.

The appellant Matthes claims that he was not guilty of negligence (3) as matter of law or (4) of fact; (5) that the court should upon his request have submitted to the jury whether Whatley was guilty of gross negligence because the evidence required such submission and if he was so guilty contribution would not lie; and that (6) if he was correctly found guilty of joint negligence with the other defendants, his liability to contribution would not be for one-half the amount paid by his joint tortfeasor but for such proportion thereof as his negligence bore to that of Whatley.

(1) The jury found in answer to the only question submitted to them besides that relating to damages that the

son of the owner of the car driven by Whatley was the owner's agent in driving the car. Three boys were occupying the car Whatley was driving. One of them was a son of the owner of the car, the defendant Marsh. It is undisputed that the boys were off on a pleasure trip of their own. Marsh's son requested of his father that he be permitted to take the car on the trip. The permission was given, but the father told him that he must drive the car himself and not exceed a speed of forty-five miles per hour. This trip was not taken at the suggestion or by direction of the father. It was not for his benefit or to his advantage in any way. It was not taken in connection with any business or transaction or affair of his.

We held in *Novak v. Zastrow,* 200 Wis. 394, 228 N. W. 473, that where a husband let his wife take his car to drive to the railway station to meet her mother who was coming for a visit to her daughter and the family, the wife was not the husband's agent in driving his car. There was more reason there than here for holding that agency existed, as the mother was coming to visit her son-in-law as well as her daughter and the rest of the family, and the son-in-law was presumably, if such presumption may be indulged between son-in-law and mother-in-law, to receive enjoyment from the visit and therefore benefit or advantage. We also held in *Madden v. Peart,* 201 Wis. 259, 229 N. W. 57, wherein a wife was driving her husband's car, but not on any business or errand of his and he was not in the car, that a nonsuit was properly granted. In the cases of *Crossett v. Goelzer,* 177 Wis. 455, 188 N. W. 627, and *Zeidler v. Goelzer,* 191 Wis. 378, 211 N. W. 140, a son driving his father's automobile was found guilty of negligent driving resulting in injuries to several people. It was claimed the father was liable. The son requested of and was given permission by his father to take the car to drive himself and sisters and some of their friends to skate. It

was held that to render the father liable two elements must have existed: the father must have requested or expressed a desire that the trip be taken, and that the trip would result in his benefit or advantage. Neither of these elements here existed.

The respondent urges that although upon the father's testimony the elements stated did not exist, the jury might not have believed him and that the rule that from ownership agency may be presumed justifies the jury's finding. It is true that this court has held that proof of ownership of an automobile is *prima facie* proof of the driver's agency. *Edwards v. Kohn,* 207 Wis. 381, 241 N. W. 331; *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018. As stated in *Enea v. Pfister, supra,* page 332:

"Proof of ownership of a car makes out a *prima facie* case, on the theory that this fact justifies an inference or raises a presumption that he who was driving the car was the agent or servant of the owner and that he was driving it in pursuit of the owner's business and within the scope of his employment."

But the presumption is one of fact, not of law, and must yield to undisputed credible evidence to the contrary. Here the direct testimony of the father rebuts the presumption. There is no evidence to the contrary and nothing in the circumstances to discredit the father's direct and positive testimony. The record discloses no reason for saying or suggesting that the father's testimony is not credible. So the proved fact is that the son was not the father's agent and neither court nor jury might rightly find that he was. For the same reason there is no basis for holding Whatley to be the agent of the defendant Marsh. In absence of agency the doctrine of *respondeat superior* does not apply, and the defendant Marsh is not liable for injuries resulting from the collision.

(2) As the above disposes of the case in favor of the defendant Marsh, no reason exists for considering his further contention that his son was not a co-driver with Whatley, which it is assumed would form a basis for imputing Whatley's negligence to the son or for finding that the son was actively negligent for not controlling Whatley's driving, and for holding that such negligence of the son operated as a proximate cause of the collision and the resulting death. But as the son was not the father's agent, his negligence whether imputed or active is immaterial as far as the father's liability is concerned.

(3) (4) We are of opinion that whether Matthes was guilty of negligence was a jury question. He testified that when he was fifty feet from the crossing, which was where he first had a clear view to the south, he looked south and there was no traffic within 150 feet, the distance he says he could see; that he was then going twenty-five miles an hour; that he was familiar with the intersection and knew there was a stop sign on the other road; the other car was coming from his left and he had the right of way under the statute. He might rightly assume that any driver approaching would be traveling at a lawful rate of speed and would see and obey the sign. There was also evidence that the other car came up to the crossing at the rate of fifty miles an hour or more; that brakes were not applied until a few feet from the intersection; that Matthes was at the center of the intersection when the other car reached it, and that the force of the impact threw Matthes' car sideways to the north thirty to thirty-five feet. Under this testimony which the jury had a right to believe, it was for the jury to determine whether Matthes was negligent.

(5) This case involves the automobile collision involved in *State v. Whatley*, 210 Wis. 157, 245 N. W. 93, wherein we held that the evidence before the examining magistrate

justified his holding Whatley for trial on the criminal charge of homicide by gross negligence. The evidence on which the magistrate's ruling was based is stated on pages 164, 165, 166, and 167 of the opinion in that case. The evidence upon this trial is substantially the same. This evidence plainly raised a jury question whether Whatley was guilty of gross negligence. If he was, Matthes, even if guilty of ordinary negligence, was not liable to contribution towards satisfaction of the judgment against Whatley, as liability for contribution in tort cases does not exist in cases of wilful wrong. *Ellis v. Chicago & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048. Gross negligence involves a wilful wrong. *Barlow v. Foster,* 149 Wis. 613, 136 N. W. 822. Therefore if Whatley is found guilty of gross negligence, he cannot have judgment for contribution, and Matthes will be entitled to dismissal of the cross-complaint. A finding that he is not so guilty will leave Whatley as matter of law guilty under the evidence of ordinary negligence that proximately caused the death, and leave the question of Matthes' negligence for determination by the jury on the issue of contribution.

(6) The trial court's ruling was to the effect that if Whatley and Matthes were both guilty of ordinary negligence that proximately contributed to produce the injury involved, they were subject to a common liability, each for the full amount of the damages assessed by the jury, and that this afforded a basis for contribution by Matthes to Whatley for one-half of the amount of the judgment paid by Whatley, if and when he pays it. This has always been the rule since this court first laid down this principle in *Ellis v. Chicago & N. W. R. Co., supra,* that joint tortfeasors in negligence cases are liable to contribution. The comparative negligence statute, if it affects the principle at all, has no bearing in this case because that statute only applies where the person for whose injuries recovery is

sought was guilty of contributory negligence, and there is no claim that Mrs. Zurn was so guilty. If Matthes becomes liable to contribution at all, he will be liable to contribute in amount as held by the trial judge.

From the above it follows that there must be a retrial of the case to dispose of the issue of contribution between the defendant Whatley and the interpleaded defendant Matthes. But we perceive no reason why there should be a new trial of the issues as between the plaintiff and the defendant Whatley. The plaintiff does not ask for judgment against Matthes. Whatley is liable under the facts of the case for compensatory damages as matter of law for ordinary negligence, if not guilty of gross negligence; and if guilty of gross negligence he is also liable for compensatory damages; and the compensatory damages are necessarily the same on whichever ground his liability rests. A new trial could only result in a directed verdict against him and a reassessment of damages. Whatley has not appealed and therefore does not claim and is in no position to claim that the verdict against him is excessive. Matthes did not below nor does he here claim that the verdict was excessive, so there is no occasion for a reassessment of damages on the retrial.

*By the Court.*—The judgment of the municipal court is affirmed as between the plaintiff and the defendant Whatley; reversed with directions to dismiss the complaint as to the defendant Marsh; and reversed with directions for a new trial of the issue of contribution between the defendant Whatley and the interpleaded defendant Matthes.