PALMER, Director of Insurance of the State of Illinois, Appellant, vs. AUTOIST MUTUAL INSURANCE COMPANY and another, Respondents.

*March 12—April 9, 1940.*

For the appellant there was a brief by *Moran & O'Brien* of Delavan, and oral argument by *J. Arthur Moran.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Arthur Wickham,* all of Milwaukee.

FOWLER, J. The plaintiff is the liquidator of the insolvent Builders & Manufacturers Mutual Casualty Com-

pany. The insurance company before becoming insolvent paid a judgment against it rendered in Minnesota in an action by one Fagerborg to recover for personal injuries sustained in a collision in Wisconsin between two trucks. One truck was owned by Berend Trux, Inc., a corporation located at Minneapolis, on which the Builders & Manufacturers Mutual Casualty Company had issued its policy indemnifying the insured against loss sustained through negligent operation of the truck. The other truck was owned by one Wakershauser, and driven by the defendant Smith, on which the defendant insurance company had issued its policy indemnifying the insured against loss sustained through its negligent operation. The instant suit is for contribution, and is based on the claim that the defendant Smith was negligent in the operation of the truck he was driving, and that his negligence contributed proximately to produce the injuries for which recovery was had in the Minnesota action. Neither Smith, Wakershauser, nor the defendant insurance company was a party to the Minnesota action. One of the defenses interposed in the instant action, and the only one which we need consider under our view of the case, is that no written notice of injury was served on the defendants within two years from the time of the accident, which sec. 330.19 (5), Stats., requires as condition precedent to commencement of an action to recover for personal injuries.

The defendants filed a motion for a summary judgment dismissing the complaint for want of service of the notice above referred to and want of commencement of an action and service of the complaint within the two-year period, which latter service is equivalent to the notice required by the statute. From the undisputed affidavits filed in support of the motion and facts admitted by the plaintiff through its failure to either admit or deny in answer to queries submitted to it under sec. 327.22, Stats., it appears that the accident occurred on February 15, 1935; that no written notice

of injury was ever served upon the defendants or Wakers-hauser; and that no action was commenced against the defendants until the instant action was commenced on August 11, 1937.

The plaintiff contends that this action is for contribution and that the statute cited does not require and no other statute requires the service of a notice of injury as condition precedent to commencement of such an action, and that as no such notice is prescribed the six-year statute of limitation, sec. 330.19 (5), Stats., applies, and this action is timely brought.

It is quite true that there is no statute that expressly prescribes a notice of injury in actions for contribution. But for liability to contribution to exist in tort actions it is necessary that the tort-feasors be subject to a common liability. *Standard Accident Ins. Co. v. Runquist,* 209 Wis. 97, 244 N. W. 757; *Buggs v. Wolff,* 201 Wis. 533, 230 N. W. 621; *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 252 N. W. 721. Smith, under the allegations of the complaint herein, was a joint tort-feasor with the driver of the other truck. But to render Smith liable in contribution recovery must have been had against him or action must lie against him in favor of Fagerborg, the plaintiff in the Minnesota action. But there was no recovery against Smith in the Minnesota action, and no recovery could now be had against him by Fagerborg because no notice of injury and no complaint by Fagerborg has ever been served upon him. Thus, Smith is not liable, and there can be no common liability when there is no liability at all. And as Smith, the insured under the extended coverage clause of the policy in suit, is not liable to Fagerborg, his insurer is not so liable, and hence is not liable to the plaintiff for contribution.

It follows that the judgment of dismissal was correct and must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.