SHROFF, Appellant, vs. RURAL MUTUAL CASUALTY INSURANCE COMPANY and another, Respondents.

*November 9—December 5, 1950.*

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *John F. O'Melia*.

*Charles F. Jensen* of Tomahawk, for the respondents.

MARTIN, J.   The issues before the court on this appeal are: (1) Did the guest, Irene Shrofe, assume the risk of appellant's negligent lookout? and (2) is the appellant liable to the guest, and, therefore, defendants for contribution of amount paid the guest?

The jury found appellant causally negligent with respect to lookout "at the time of, or immediately prior to, the said collision" and apportioned twenty-five per cent negligence to him. The fifth question inquired as to whether appellant had increased the risk to plaintiff, Irene Shrofe, beyond what she ought reasonably to have anticipated upon entering the automobile in respect to speed, lookout, management and control. The jury answered "No" to all items of this question. The jury found that Irene Shrofe had not failed to exercise ordinary care for her own safety in respect to maintaining a sufficient lookout. The eleventh question relating to assumption of risk was unanswered.

The trial court stated in its opinion:

"The court is now satisfied that sub. (b) of the fifth question, relating to lookout, in so far as it affected the duty the

said Floyd Shrofe owed to his guest, should not have been submitted to the jury under the evidence in this case.

"It is contended by the defendants that the court erred in its instructions pertaining to the said fifth question in so far as it dealt with the duty of the host to the guest with respect to lookout. If sub. (b) had not been submitted the court's instructions with respect to the fifth question would have been unobjectionable.

"In view of the fact that the jury answered sub. (b) of the fifth question, 'No,' the effect of the verdict is just as it would have been had such inquiry not been included in the verdict, and therefore, the defendants cannot claim that the court committed any prejudicial error with respect to such instruction.

"Consistent with the view this court now takes of the duty owed by a host to his guest with respect to lookout, it follows that the eleventh question, relating to assumption of risk, should not have included sub. (b), which also pertains to the element of failure to exercise ordinary care with respect to lookout. However, the jury did not answer that question, and its inclusion in the verdict was, therefore, not prejudicial error.

"The court is of the opinion that a proper judgment can be entered on the verdict, and that none of the answers to the questions submitted to the jury should be changed by the court, it being understood, of course, that the answer to sub. (b) of the fifth question should be disregarded by the court in entering judgment."

The trial court stated further: "In this case the failure to keep a proper lookout was momentary, . . . The testimony is undisputed that the host-driver was very careful to keep a proper lookout during the entire trip from Tomahawk until he came near the place of the collision."

The facts are: The plaintiffs in this case are husband and wife who reside together approximately seven miles east of the city of Tomahawk, Lincoln county. On the evening of December 14, 1948, the plaintiff Floyd Shrofe drove his wife Irene to Tomahawk in his 1928 Nash car that she might bowl. They left the bowling alley at approximately 11:45

p.m. to return to their home. Just prior to leaving the parking space in Tomahawk, plaintiff Floyd Shrofe washed the windshield of his automobile with alcohol and they then proceeded east out of Tomahawk on Highway D to the intersection of Highways H and D, at which point they turned south on H. From the time the parties got into the car it was snowing hard, it being a wet snow with some rain mixed in and freezing just a little. There was only one windshield wiper, and that did not always work well.

The plaintiff drove approximately twenty-five to thirty miles an hour at all times until he turned left or again east off of Highway H onto a town road, a distance of approximately five hundred feet to the point of impact, during which time he was traveling approximately twenty miles per hour.

During all the time from Tomahawk to the scene of the accident plaintiff Floyd Shrofe had his left window down about two thirds of the way. The vehicle did not have a defroster and was equipped with only a manifold heater. The distance he could see ahead of the car depended on how the the storm was blowing the snow. When he turned east on the town road, his vision was not clear because there was snow on the windshield and he had to put his head out of the window in order to navigate his car. When he was half way from the intersection, or approximately two hundred fifty feet from the impact point, he pulled his head back into the car. There was no ice or snow on the windshield, but it was wet with a kind of fog. He saw a "vision" when he was twenty to twenty-five feet away from the parked car and was unable to make out what it was until the moment of impact. The road was slippery and he slid into the rear of defendant's automobile. He testified that the parked 1939 tan Ford of defendant had no lights on whatsoever.

Plaintiff Irene was unable to see well out of her side of the windshield, there being no windshield wiper. She first saw an outline of defendant's parked car when about ten

feet away and then could not see clearly. She was able to keep some of the fog off the inside of the windshield with her hand. There is no evidence that she protested as to the speed, management, or lookout maintained by the appellant driver.

As stated previously, the assumption question was un-answered by the jury. As a matter of law, guest Irene Shrofe assumed the risk of the negligent lookout of host Floyd Shrofe. His lack of lookout, or inability to look out, was known to the guest from the start. Conditions of visibility were consistently bad during all of the distance traveled which was over six miles.

In *Haugen v. Wittkopf* (1943), 242 Wis. 276, 280, 7 N. W. (2d) 886, a guest sued his host who had struck the rear of a parked vehicle on the highway in the nighttime. The jury found the guest did not assume the risk of negligent lookout. In reversing the judgment this court said:

"It is possible that the jury's finding of the host's negligence as to lookout was based on the condition of the windshield. If so the plaintiff clearly assumed the dangers incident to that condition. If not so based it was necessarily based upon the host's not keeping a sufficiently constant lookout through the cleared portion of the windshield. But if so the guest knew of the host's conduct in that regard through two miles of driving. He had ample opportunity to make timely protest against what he thought and the jury found to be an insufficiently careful lookout of the host, and he must be held to have assumed the risk incident to his host's negligence in that respect." See also *Knipfer v. Shaw* (1933), 210 Wis. 617, 620, 246 N. W. 328, 247 N. W. 320.

Since the guest herein assumed the risk incident to her host's negligence with respect to lookout, common liability is not present and no right of contribution exists.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.