AMERICAN CASUALTY COMPANY, Appellant, vs. AMERICAN AUTOMOBILE INSURANCE COMPANY, Respondent.

*April 5—May 8, 1951.*

For the appellant there were briefs by *Kivett & Kasdorf,* and oral argument by *John R. Henderson,* all of Milwaukee.

For the respondent there was a brief by *Lane & Harrington* of Milwaukee, and oral argument by *James W. Lane.*

BROWN, J. · The pleadings show the following facts:

On June 19, 1947, an automobile owned· by Esther K. Ansfield collided with one owned by Carl Patzen. Plaintiff-appellant insured the Ansfield car both for public liability and for collision, and it paid Mrs. Ansfield her collision damage and became subrogated to her rights in that respect against Patzen. Defendant-respondent insured Patzen against public liability and settled Mrs. Ansfield's claims and those of the occupants of her car for their personal injuries, for $652. At that time respondent asserted that the collision was caused by the negligent operation of the Ansfield automobile and demanded contribution of one half the settlement from appellant, as Ansfield's liability-insurance carrier. The demand was refused. Nothing more happened for two and one-half years. Then appellant brought this action against respondent, insuring Patzen, to recover the property damage to the Ansfield automobile which appellant had paid. Respondent answered, denying Patzen's negligence, alleging negligent operation of the Ansfield car, and by counterclaim demanded from appellant, Ansfield's liability insurer, contribution of one half the amount respondent paid to settle the personal-injury claims. No notices of claim for personal injuries had been served as provided by sec. 330.19 (5), Stats. 1949, and the two-year period set therein had expired.

Appellant demurred on the ground that the counterclaim did not state a cause of action and that the action was not commenced within the time limited by such statute. The latter is the only point in issue upon the appeal.

The statute provides:

"(5) . . . No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent, or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received, and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. . . ."

The learned trial court considered that the present controversy is ruled by *Ainsworth v. Berg* (1948), 253 Wis. 438, 34 N. W. (2d) 790, in which Ainsworth sued Berg within the two-year period and Berg, more than two years after the accident, impleaded Ainsworth's driver and insurer and cross-complained against them for contribution. The trial court, relying upon *Palmer v. Autoist Mut. Ins. Co.* (1940), 234 Wis. 287, 291 N. W. 364, dismissed the action for contribution against the impleaded defendants but on appeal, reversing the trial court, we said (p. 445a):

". . . there is no provision in the statute requiring one joint tort-feasor to serve notice upon the other. Until suit is brought by the injured person there is no opportunity. It is clear that the statute was not intended to terminate rights of one joint tort-feasor against another, but was directed only at undue delay in commencement of action by injured persons. We are satisfied that the right of one joint tort-feasor against the other to recover contribution is in nowise impaired by the statutory duty placed upon the plaintiff to serve prompt notice of his injuries. The decision in the *Palmer Case* must be overruled."

We have no disposition to return to the *Palmer* doctrine and we agree with the learned trial court's view that the decision in *Ainsworth v. Berg, supra,* rules and disposes of the present demurrer.

*By the Court.*—Order affirmed.