MUTUAL AUTOMOBILE INSURANCE COMPANY OF THE TOWN OF HERMAN, Respondent, vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

*October 5—November 9, 1954.*

For the appellant there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *John C. Whitney.*

For the respondent there was a brief by *Puhr, Peters, Holden & Schlosser* of Sheboygan, and oral argument by *John R. Holden.*

MARTIN, J. Contribution is based on the common liability of joint tort-feasors to the injured party. It arises when one joint tort-feasor pays more than his equitable share of the damages. *Standard Accident Ins. Co. v. Runquist* (1932), 209 Wis. 97, 244 N. W. 757; *Western Casualty & S. Co. v. Milwaukee General Const. Co.* (1933), 213 Wis. 302, 251 N. W. 491; *Ainsworth v. Berg* (1948), 253 Wis. 438, 34 N. W. (2d) 790, 35 N. W. (2d) 911.

In bringing this action it was plaintiff's burden to show, first, that its own driver was causally negligent and that such negligence was greater than any negligence of the injured party. Otherwise the payment made to Mrs. Mantin was a mere gratuity. *Papenfus v. Shell Oil Co.* (1949), 254 Wis. 233, 35 N. W. (2d) 920.

Further, it was plaintiff's burden to show that defendant's driver was causally negligent and that his negligence was

likewise greater than any negligence of Mrs. Mantin. Otherwise there would be no common liability. *Western Casualty & S. Co. v. Milwaukee General Const. Co., supra; Walker v. Kroger Grocery & Baking Co.* (1934), 214 Wis. 519, 252 N. W. 721, 92 A. L. R. 680; *Gimbel v. Goldman* (1949), 256 Wis. 28, 39 N. W. (2d) 768; *Shrofe v. Rural Mut. Casualty Ins. Co.* (1950), 258 Wis. 128, 45 N. W. (2d) 76.

There is evidence in this record which gave rise to a jury question whether Mrs. Mantin was negligent as to lookout and failing to yield the right of way by crossing the street at a point other than the crosswalk. She testified that she saw the Darrin car approaching from half a block away and watched it until it stopped, but that she never saw the Miller car. Miller's testimony is that he was only 20 to 30 feet behind Darrin.

Miller testified that after the accident the rear end of his car was about even with the south curb line of Thirteenth street and that there was about three feet between the front of his car and the rear of the Darrin car. It is undisputed that the Darrin car did not throw Mrs. Mantin ahead any great distance nor did it pass over her, and upon Miller's testimony the jury could have inferred that she was a distance of more than two car lengths from the south curb line of Thirteenth street, a point well south of the unmarked crosswalk. William Kutchera, a guest in the Darrin car, stated that he saw Mrs. Mantin enter Main street at a driveway which is 21 feet south of the south edge of the crosswalk.

Since the evidence presented jury questions as to Mrs. Mantin's negligence, without a comparison of such negligence with that of Miller and Darrin, plaintiff has failed to establish any basis for a common liability.

At the close of plaintiff's case defendant moved to amend his answer to conform to the proof and allege negligence on

the part of Delia Mantin as to lookout and failure to yield the right of way. The trial court denied the motion stating, "I believe it would change the complexion of this suit to amend your answer so that you can set up the negligence of another party whose negligence is not involved in this lawsuit." In its decision on motions after verdict the court stated that the motion to amend was in fact a motion to implead a party and was not timely made.

This was error. While it was not defendant's burden to establish contributory negligence on the part of Mrs. Mantin, the evidence presented questions in that respect which should have been submitted to the jury. The jury should also have been given the opportunity to compare her negligence with that of Miller and Darrin. If Miller's negligence were found to be less than Mrs. Mantin's, there would be no liability on the plaintiff; if Darrin's negligence were found to be less than Mrs. Mantin's, there would be no liability on the defendant; and in either instance there would be no basis for contribution.

Defendant contends that the trial court erred in refusing its request to read from the complaint allegations as to the nature of the claim out of which this litigation arose, citing *Nelson v. Pauli* (1922), 176 Wis. 1, 186 N. W. 217. In the discretion of the trial court, pleadings may be read to the jury where they are not denied, where they present admissions against interest, where they serve the purpose of impeachment or in any way affect the credibility of witnesses, so that the jury may be better able to arrive at the truth in its findings on the verdict. But there is nothing in the allegations defendant here proposed to read which could serve any purpose other than to enlighten the jury as to the effect its answers would have on the final outcome of the trial, and the court properly denied the request.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.