AYALA and others, Plaintiffs, vs. FARMERS MUTUAL AUTO-MOBILE INSURANCE COMPANY, Defendant and Respondent: WESTERN CASUALTY & SURETY COMPANY and another, Defendants and Appellants. [Two cases.]

*March 5—May 1, 1956.*

630

632

634

For the appellants there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

· For the respondent there was a brief by *Devos & Skroch* of Neillsville, and oral argument by *A. L. Devos.*

Steinle, J.   The appellant, Western Casualty & Surety Company, contends that under the jury's answers to the first question of the special verdict, gross negligence was established on the part of LaVern Metcalf, and that the trial court erred in not changing the answer to subdivision (d) of question 2 relating to the item of proximate cause in connection with the finding that Metcalf was negligent with respect to operating his automobile while intoxicated. Appellant submits that as a matter of law it is entitled to such change of answer, and maintains that it is entitled to a dismissal of the cross complaint for contribution interposed by Metcalf's carrier, Farmers Mutual Automobile Insurance Company. The issue of gross negligence on Metcalf's part was raised by the replies to the cross complaints.

Ordinary negligence and gross negligence are distinct kinds of negligence, and do not grade into each other. Ordinary negligence lies in the field of inadvertence, and gross negligence in the field of actual or constructive intent to injure. *Wedel v. Klein* (1938), 229 Wis. 419, 424, 282 N. W. 606. Gross negligence comprises the commission of the same acts that are involved in ordinary negligence, the only difference being that in gross negligence, those acts are characterized by recklessness, and in ordinary negligence they are characterized by a want of ordinary care. *Kuchenreuther v. Chicago, M., St. P. & P. R. Co.* (1937), 225 Wis. 613, 615, 616, 275 N. W. 457. To constitute gross negligence there must be either a wilful intent to injure, or that reckless or wanton disregard of the rights and safety of another or his property, and that willingness to inflict injury, which the law deems equivalent to an intent to injure. *Bentson v. Brown* (1925), 186 Wis. 629, 203 N. W. 380, 38 A. L. R. 1417. One who operates a motor vehicle negligently while under

the influence of liquor may be guilty of gross negligence. In *Tomasik v. Lanferman* (1931), 206 Wis. 94, 97, 238 N. W. 857, it was said:

"The evidence was sufficient to warrant the jury in concluding that the defendant was driving the car while he was intoxicated, and, if so, the finding of gross negligence should not be disturbed. We hold that the driving of a car upon our highways by one intoxicated fully responds to all of the elements necessary to constitute gross negligence. One intoxicated is without proper control of all those faculties the exercise of which is necessary to avoid danger to others while driving a car upon a public highway. The driving of a car by one in such condition betrays an absence of any care, and indicates such recklessness and wantonness as evinces an utter disregard of consequences. We would not have it inferred that one is always to be deemed intoxicated when the smell of liquor is upon his breath. The actual degree of intoxication will always be a material consideration, but the coincidence of a breath tainted with liquor on the part of one responsible for a most distressing accident under the circumstances here existing, and whose natural instincts prompt the discourteous retort above quoted, has its implications. It justifies inferences, and, while reasonable men may draw different inferences from the situation, the inference drawn by the jury from the circumstances here presented was entirely reasonable and permissible."

The element of proximate causation must exist in the case of gross negligence as well as in ordinary negligence in order to make a case for recovery. *Natalie v. Chicago & Milwaukee E. R. Co.* (1915), 160 Wis. 583, 593, 149 N. W. 697.

It seems to us that questions as raised here with reference to causal gross negligence on the part of Metcalf would have been obviated, had the court employed the method suggested in *Wedel v. Klein, supra.* There, Mr. Justice NELSON, speaking for the court, pointed out (p. 424):

"The situation which confronted the trial court in this action may arise again in that court or in other courts in this

state. So we deem it advisable to suggest the proper course to pursue in such situations. Where a plaintiff alleges a cause of action based on ordinary negligence and one of the defendants, or his insurance carrier, asserts that another defendant was at the time of the accident, guilty of gross negligence, the question of the defendants' negligence should be submitted to the jury in the alternative, accompanied by proper instructions to the effect that if the questions respecting gross negligence be answered 'Yes' then in that case the questions respecting ordinary negligence need not be answered, and if the questions respecting gross negligence be answered 'No' then the questions respecting ordinary negligence should be answered. Such a verdict, when rendered, will not be subject to the criticism that it is inconsistent and such a verdict will serve as a basis for a judgment in favor of the plaintiff, if the questions are answered in his favor, as well as a basis for a proper judgment respecting contribution between the defendant tort-feasors, should both be found guilty of negligence."

In the case at bar, with reference to subdivision (d) of. question 1, the court gave the following instruction:

"Subdivision (d) of question 1 requires you to determine whether or not LaVern Metcalf was under the influence of liquor or fermented malt beverage. In this connection you are instructed that a statute of this state makes it unlawful to drive a vehicle upon a public highway while under the influence of any intoxicant. 'Under the influence of intoxicants' means such as to materially affect his faculties so as to impair his ability to operate his vehicle in a careful and prudent manner."

With reference to all corresponding subdivisions in question 2 the court, in part, instructed the jury as follows:

"The inquiry presented by these questions is whether the relation of cause and effect existed between negligence, if found by you, and the collision. There may be more than one cause of a collision. The negligence of one person alone may cause it, or the negligent acts or omissions of two or more persons may jointly cause it, as the word 'cause' is used in these questions. Before such relation of cause and

effect can be found to exist, however, it must appear that the negligence under consideration was a substantial factor in producing the collision,—that is to say, that it was a factor actually operating and which had substantial effect in producing the collision as a natural result."

By its verdict the jury found that Metcalf was intoxicated (as that term was properly defined by the court) at the time of the collision, and was negligent as to position on the highway, management and control, and lookout, and that while his negligence with respect to the particulars of position on the highway, management, and lookout was a cause of the collision, nevertheless, his intoxication was not a cause.

By such findings the jury attempted to disassociate the intoxication from the negligence. Such disassociation is impossible. The finding of the causal negligence coupled with the finding of intoxication is, as a matter of law, in effect, a finding of causal gross negligence.

Intoxication, standing by itself, does not constitute either gross negligence or ordinary negligence. While a person's driving of a motor vehicle when intoxicated, is prohibited by statute, and is a criminal offense, nevertheless, an intoxicated driver of a motor vehicle may become involved in a collision and yet be free from negligence, and, therefore, not liable to respond in damages. See *McNamer v. American Ins. Co.* (1954), 267 Wis. 494, 66 N. W. (2d) 342. However, when there is concurrence of intoxication and causal negligence as to items such as speed, management and control, position on the highway, lookout, etc., the same constitutes gross negligence. Here, the jury found that Metcalf was intoxicated *i. e.,* that he was under the influence of intoxicants to the extent that his faculties were so materially affected as to impair his ability to operate his vehicle in a careful and prudent manner. There is ample evidence of record which the jury was entitled to deem credible supporting the finding of Metcalf's intoxication.

It seems to us that complication and possible confusion are less likely to arise in the mind of a jury when it is called upon to determine an issue of gross negligence predicated on intoxication, were the trial court to refrain from submitting a question in the verdict with reference to intoxication, but treating the matter by instruction, and employing the method suggested in *Wedel v. Klein, supra.* To augment the recommendation in *Wedel v. Klein, supra,* we suggest that where gross negligence predicated on intoxication is alleged, a question of the verdict shall inquire whether the defendant was guilty of gross negligence with respect to any items such as speed, management and control, etc. The jury shall be instructed that in connection with the answering of this question, they shall first determine whether the defendant was negligent with respect to one or more of the subdivisions of the question, and that in the event that they find negligence in one or more of such particulars, they shall then determine whether the defendant was intoxicated as that term is defined under the law of this state (the court to present the definition of intoxication). They are to be told that only in the event that they find that the defendant had been negligent and that he was intoxicated, may they answer that he was grossly negligent. The causal question shall follow. The jury shall then be told that if their answers to all of the subdivisions of the causal question are in the negative, or that if under the instructions of the court they were not required to answer the questions in the subdivisions of the causal question, they shall then proceed to a determination of subsequent questions dealing with causal ordinary negligence. They shall, of course, be instructed that in the event that they shall have answered any of the causal questions as to gross negligence in the affirmative, they are not to consider the questions treating with causal ordinary negligence.

The judgments in so far as they relate to contribution between the appellant carrier and the respondent carrier must

be reversed for the reason of the finding that the respondent carrier's assured was guilty of causal gross negligence.

The right of contribution in Wisconsin is based on principles of equity and arises from common liability. *State Farm Mut. Auto. Ins. Co. v. Continental Casualty Co.* (1953), 264 Wis. 493, 59 N. W. (2d) 425. The effect of our decision in *Wedel v. Klein, supra,* was to hold that, in a situation where A sustains injuries which were proximately caused by the ordinary negligence of B and the gross negligence of C in the operation of motor vehicles under circumstances where A would be entitled to recover against either or both, C cannot have contribution against B for any part of the amount C may have been paid in satisfying a judgment obtained against C by A for such injuries. The reason for such conclusion is not stated in the opinion. There is common liability of both B and C to A, in the sense that A can recover against both, and if only B were sued by A and a judgment secured against B which B paid, equity would require that B have contribution against C. A valid reason for sustaining the result reached in *Wedel v. Klein, supra,* would seem to be that gross negligence is so much more tortious than ordinary negligence that equity does not require that one guilty of the former should be accorded any right of contribution.

Since Metcalf was guilty of causal gross negligence, his carrier, Farmers Mutual Automobile Insurance Company is not entitled to contribution from Fero's carrier, Western Casualty & Surety Company.

*By the Court.*—Judgments reversed in so far as they provide for contribution on the part of Western Casualty & Surety Company to Farmers Mutual Automobile Insurance Company. The court shall dismiss the cross complaints of Farmers Mutual Automobile Insurance Company for contribution.