RUSCH, Plaintiff, vs. KORTH and another, Defendants and Appellants: HEIMERL and another, Impleaded Defendants and Respondents.*

*November 5—December 3, 1957.*

* Motion for rehearing denied, without costs, on April 8, 1958.

For the appellants there was a brief by *Thiel, Allen & Storck* of Mayville, and oral argument by *Robert E. Storck*.

For the respondents there was a brief and oral argument by *George A. Hartman, Jr.,* of Juneau.

WINGERT, J. 1. The judgment appealed from is undoubtedly based upon the trial court's view, shared by the parties, that if Mrs. Korth was not herself causally negligent with respect to the accident, she could not have contribution with respect to the amount she paid to the plaintiff to settle his claim. It was no doubt because of this conception of the law, that the record presents the rather unusual spectacle of Korth urging the court to change the jury's answers and find as a matter of law that she was negligent and hence a tort-feasor. While the evidence discloses substantial grounds for the contention that Korth was causally negligent as a matter of law, it also presents serious doubt as to whether she can now be heard to assert such negligence on her part. In the pleadings, she consistently denied that she was negligent. At the start of the trial, and after the settlement with the plaintiff, she opposed a motion by Heimerl to amend his answer to the cross complaint to set up that the settlement estopped Korth from denying her negligence. At the trial, Korth offered evidence tending to show that she was not negligent and objected to the admission of evidence tending to show that she was negligent. The record does not disclose what arguments were made to the jury.

In such a situation it is open to question whether Korth may turn around after verdict and be heard to assert that she was negligent as a matter of law, or should be heard on appeal to challenge the propriety of the verdict absolving her from wrongdoing. However, in the particular circumstances of this case we do not find it necessary to pass upon either the question of Korth's negligence as a matter of law or of her right to have the verdict changed if it was erroneous.

2. We think all concerned proceeded on a misconception in believing that Korth was not entitled to contribution from Heimerl unless the accident was in fact and in law caused by negligence on Korth's part. It is a natural misconception, undoubtedly based upon statements of this court made in different circumstances.

It has been stated in many cases, as an accepted principle, that the right to contribution rests on a common liability. On the basis of that proposition it has been said on occasion that only when both of those persons whose conduct contributed to the accident have been found negligent can the one have a right to contribution against the other. We think that as applied to a case like the present, those statements are too broad, and require qualification.

Most cases where those principles have been stated involved the situations normal in contribution cases, where both contributors to the plaintiff's injuries or at least where the one seeking contribution, had been held negligent. We are aware of no case in Wisconsin where the right to contribution has been squarely denied as a matter of *decision* rather than dictum, in a fact situation like the present one.

To place this case in true perspective, the following facts must be kept in view: Korth participated in the accident, having driven one of the colliding cars. She was sued by the injured party. She had ample grounds to fear that she would be held guilty of negligence and liable for plaintiff's damages (at the trial there was abundant evidence on which

the jury could have found her causally negligent). In the settlement, Korth paid plaintiff's claim in full and plaintiff retained no rights against Heimerl. The settlement was an arm's-length transaction. Korth acted in complete good faith in settling. The settlement was reasonable in amount, Korth paying no more than the plaintiff's actual damages as stipulated by Heimerl. Heimerl knew about the settlement negotiations before the agreement was actually reached, and was promptly advised of the settlement. Thus it is clear that Korth was not a mere volunteer or interloper in paying plaintiff's claim, nor was she officious in any way in so doing.

In determining whether Korth is entitled to contribution from Heimerl in those circumstances, it is more appropriate to look at the reason underlying the right to contribution as between concurring tort-feasors, than to give controlling weight to unqualified statements made in reference to very different factual situations.

This court has pointed out many times that contribution between joint tort-feasors is in origin an equitable principle, arising when one joint tort-feasor pays more than his equitable share of the damages. Thus in *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, it was said:

"The right of contribution is founded upon principles of equity and natural justice. . . . Whether the common obligation be imposed by contract or grows out of a tort, the thing that gives rise to the right of contribution is that one of the common obligors has discharged more than his fair equitable share of the common liability.

"The right to contribution was first recognized and enforced in courts of equity, . . ." (pp. 225, 226.)

See also *State Farm Mut. Automobile Ins. Co. v. Continental Casualty Co.* 264 Wis. 493, 496, 59 N. W. (2d) 425; *Heimbach v. Hagen,* 1 Wis. (2d) 294, 296, 83 N. W. (2d) 710.

Where the independent but concurring negligence of two persons has contributed to an indivisible injury to the plain-

tiff, both tort-feasors are jointly and severally liable for the damages, and plaintiff may sue and collect from either or both, at his choice. The doctrine of contribution is based on the unfairness of placing the whole burden upon the one who happens to be called upon to pay the entire bill, where such payment ought in justice to be shared by another, who shared responsibility for the injuries.

The equitable nature of contribution is shown by the cases refusing contribution to a tort-feasor whose wrongful conduct was intentional or wilful, as in the case of gross negligence, *Zurn v. Whatley,* 213 Wis. 365, 372, 251 N. W. 435; *Ayala v. Farmers Mut. Automobile Ins. Co.* 272 Wis. 629, 642, 76 N. W. (2d) 563; or whose conduct in the litigation has been unfair to the other tort-feasor, *Trampe v. Wisconsin Telephone Co.* 214 Wis. 210, 217, 218, 252 N. W. 675. Similarly, one can have contribution only where his payment has relieved the other tort-feasor of a burden which the latter might otherwise have had to bear. Thus contribution has been denied from a tort-feasor who, though his negligence helped cause the accident, had a personal defense against the plaintiff which would have prevented the plaintiff from recovering judgment against him. *Zutter v. O'Connell,* 200 Wis. 601, 607, 229 N. W. 74 (defendant was plaintiff's father); *Shrofe v. Rural Mut. Casualty Ins. Co.* 258 Wis. 128, 45 N. W. (2d) 76 (plaintiff assumed risk of defendant's negligence); *Buggs v. Wolff,* 201 Wis. 533, 536, 230 N. W. 621; *Wisconsin Power & Light Co. v. Dean,* 275 Wis. 236, 241, 81 N. W. (2d) 486 (defendant paid workmen's compensation to plaintiff).

The considerations of equity and fairness which have led this court to allow contribution in favor of one tort-feasor against another are applicable *a fortiori* to the present case, where Korth, according to the jury and trial court, is not a tort-feasor at all, and yet is not a mere volunteer or intermeddler. If a wrongdoer who has paid a claim may recover

half the payment from another who ought in fairness to pay part of it, surely one who is found not to have been guilty of any wrong should not be denied a like recovery from one who ought in equity and fairness to pay the whole claim. Something is radically wrong with a rule which would require one to establish his own wrongdoing in order to avail himself of an equitable remedy.

We have heretofore departed to some extent from the strict rule that only one who is subject to a common liability may have contribution. While in *Palmer v. Autoist Mut. Ins. Co.* 234 Wis. 287, 291 N. W. 364, it was held that a joint tort-feasor who had paid plaintiff's judgment could not have contribution from the other joint tort-feasor against whom plaintiff had lost his right to recovery by failing to give the two-year notice required by sec. 330.19 (5), Stats., with the result that there was no common liability, that case was overruled in *Ainsworth v. Berg,* 253 Wis. 438, 34 N. W. (2d) 790, 35 N. W. (2d) 911, where, referring to the equitable basis of contribution, we permitted a joint tort-feasor to obtain contribution from the other tort-feasor notwithstanding that plaintiff had failed to serve the statutory notice on the latter and hence the second tort-feasor was no longer subject to any liability to the plaintiff.

In view of the reasons upon which the whole doctrine of contribution as between concurrent tort-feasors is based, we cannot hold it fatal to Korth's claim for contribution from Heimerl in the circumstances of this particular case, that she was ultimately found not to have been negligent.

Neither did Korth lose her right to contribution by settling with the plaintiff before trial. She was no mere volunteer; she was sued, and was in serious jeopardy of judgment against her. Her payment to plaintiff was not a gift or gratuity but a cold-blooded business transaction in which she got good and full consideration in the form of a release of plaintiff's entire claim against Heimerl as well as herself.

All parties stipulated that such release should not prejudice Korth's cause of action for contribution. It would not have done so in the absence of stipulation. *Western Casualty & S. Co. v. Milwaukee G. C. Co.* 213 Wis. 302, 251 N. W. 491. In that case we held that one whose activity contributed, with the negligence of another, to a third person's injuries and who made a compromise settlement with the injured person before suit, could maintain an action for contribution against the other actor, notwithstanding that the settling party had not been compelled to pay by judgment and indeed had not even been sued. We also said, in a dictum not necessary to the decision, that in order to have contribution the settling party would have to establish his own negligence as well as that of the other contributor to the accident (213 Wis. at p. 308); but for reasons stated above, that dictum cannot be approved for application to the facts of the instant case.

We believe the slight extension of the right to contribution involved in our decision today accords with the sound policy of encouraging settlements. We do not see that it can prejudice the tort-feasor from whom contribution is demanded, for he will be entitled to his day in court on the question of his own causal negligence, and also on the amount of the injured person's damages and the reasonableness of the settlement, unless like Heimerl he has stipulated to those matters.

In reaching our decision we have not overlooked *Michel v. McKenna,* 199 Wis. 608, 614, 615, 227 N. W. 396, *Papenfus v. Shell Oil Co.* 254 Wis. 233, 239, 35 N. W. (2d) 920, nor *Mutual Automobile Ins. Co. v. State Farm Mut. Automobile Ins. Co.* 268 Wis. 6, 8, 66 N. W. (2d) 697, where the decisions were based on reasoning inconsistent with the view that a nonnegligent person may have contribution. Those decisions deal with their own facts; we are un-

willing to extend their reasoning to the very different case now before us.

Since Korth seeks only contribution, we need not consider whether she might have been entitled to indemnity from Heimerl for the amount she paid plaintiff. See Prosser, Law of Torts (2d ed.), p. 249, sec. 46; *Milwaukee v. Boynton Cab Co.* 201 Wis. 581, 586, 229 N. W. 28, 231 N. W. 597.

*By the Court.*—Judgment reversed, with directions to enter judgment for appellants for contribution.

BROADFOOT, J. (*concurring*). I concur in the result reached in the decision herein. In my opinion the record requires a finding that Mrs. Korth was negligent as a matter of law and that her insurer is entitled to contribution. The majority has determined the case upon an issue not raised in the briefs nor argued to us. Before we change what has been the accepted rule in contribution cases I feel that we should determine the question after research and argument by attorneys in this or some other case.

I am authorized to state that Mr. Justice STEINLE joins in this concurring opinion.

* Motion for rehearing denied, without costs, on February 4, 1958.