FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v. MILWAUKEE AUTOMOBILE INSURANCE COMPANY, Appellant.

*November 3—December 1, 1959.*

514

For the appellant there was a brief by *Hale, Skemp, Hanson, Schnurrer & Sheehan* of La Crosse, and oral argument by *T. H. Skemp.*

For the respondent there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Daniel T. Flaherty.*

HALLOWS, J. The defendant contends that the complaint is defective because it does not allege any acts of negligence on the part of the plaintiff's insured, Von Haden, and the existence of any common liability arising out of such negligence and that of Mahlum, the insured of the defendant. The plaintiff respondent relies on *Rusch v. Korth* (1957), 2 Wis. (2d) 321, 86 N. W. (2d) 464, for the proposition that it is not necessary for one seeking contribution against a tort-feasor to establish his own negligence or any common liability and therefore need not allege them in a complaint for contribution. The issue raised requires us to re-examine the law of contribution in negligence cases in Wisconsin.

At common law in England, there was no contribution between joint tort-feasors. This was first decided in 1799. *Merryweather v. Nixan,* 8 Term. Rep. 186. The harshness of this decision was tempered from time to time. *Adamson v. Jarvis* (1827), 4 Bing. 66, 13 Eng. C. L. Rep. 343; *Pearson v. Skelton* (1836), 1 M. & W. Cas. 504. The rule was finally changed by an act of parliament to allow contribution between nonintentional joint tort-feasors. Law Reform Act (1935), 25 & 26, Geo. V., ch. 30, sec. 6 (1) (3). Contri-

bution between joint tort-feasors is not recognized in the majority of states. See Anno. 60 A. L. R. (2d) 1366.

The first case in Wisconsin allowing contribution in a negligence case was *Ellis v. Chicago & N. W. R. Co.* (1918), 167 Wis. 392, 167 N. W. 1048. Since that time there have been many cases decided in this court dealing with contribution between negligent joint tort-feasors. In *Frankfort General Ins. Co. v. Milwaukee E. R. & L. Co.* (1919), 169 Wis. 533, 173 N. W. 307, the principles underlying the right of contribution were explained. The doctrine of contribution rests on the principle that when parties stand in equal right the law requires equality, and one party should not be obliged to bear the whole of a common burden. The doctrine is founded on principles of equity and natural justice. *Wait v. Pierce* (1926), 191 Wis. 202, 209 N. W. 475, 210 N. W. 822. The basic elements of contribution as applied to negligence cases are: 1. Both parties must be joint negligent wrongdoers; 2. they must have common liability because of such negligence to the same person;.3. one such party must have borne an unequal proportion of the common burden. See article entitled "Contribution Between Joint Tort-Feasors in Wisconsin" (1959), 43 Marquette Law Review, 102, for a review and analysis of the Wisconsin cases.

Traditionally, common liability has been a basic prerequisite for contribution. Where there has been no common liability, contribution has been denied. *Zutter v. O'Connell* (1930), 200 Wis. 601, 229 N. W. 74. In that case the plaintiff, riding as a passenger in a car operated by his father, brought suit against the driver of the other car who interpleaded the plaintiff's father for the purpose of contribution. Both the father and the other driver, O'Connell, were found causally negligent. The cross complaint for contribution was dismissed on the ground that there was no common liability because the father was not liable in tort to his son under

*Wick v. Wick* (1927), 192 Wis. 260, 212 N. W. 787. When the plaintiff guest sues both his host-driver and another driver as joint tort-feasors and the plaintiff is found to have assumed the risk of his host's negligence, there is no common liability upon which to base contribution as between the two tort-feasors. *Walker v. Kroger Grocery & Baking Co.* (1934), 214 Wis. 519, 252 N. W. 721, and *Shrofe v. Rural Mut. Casualty Ins. Co.* (1950), 258 Wis. 128, 45 N. W. (2d) 76. In *Buggs v. Wolff* (1930), 201 Wis. 533, 230 N. W. 621, the joint negligence of two wrongdoers did not result in a common liability and contribution was denied. In this case an employee was injured during the course of his employment by the concurring negligence of his employer and a third party. The employee was compensated under the Workmen's Compensation Act. The third party was not entitled to contribution from the employer. See also *Wisconsin Power & Light Co. v. Dean* (1957), 275 Wis. 236, 81 N. W. (2d) 486.

At one time we held common liability had to exist at the time of the trial. In *Palmer v. Autoist Mut. Ins. Co.* (1940), 234 Wis. 287, 291 N. W. 364, recovery for contribution was denied on the ground that no liability existed at the time of trial between the defendant and the injured party because the injured party had not given notice under sec. 330.19 (5), Stats., to one of the joint tort-feasors. The *Palmer Case* was overruled, and recovery for contribution was allowed on similar facts in *Ainsworth v. Berg* (1948), 253 Wis. 438, 34 N. W. (2d) 790, 35 N. W. (2d) 911. This was not on the basis that no common liability needed to exist, but on the ground the equitable right of contribution in automobile cases had its origin in the joint misconduct of the negligent parties giving rise to a common liability at the time of the accident, and the right to contribution was inchoate until such time as one of the joint tort-feasors paid more than his fair share of the total damages resulting from such joint

negligence, at which time the inchoate right ripened into a cause of action. The theory of the origin of common liability of joint tort-feasors is well stated in *Western Casualty & Surety Co. v. Milwaukee G. C. Co.* (1933), 213 Wis. 302, 251 N. W. 491. The right to contribution being equitable in nature, it has been denied to a tort-feasor whose wrongful conduct was intentional and wilful such as in the case of gross negligence even when joint common liability existed. *Zurn v. Whatley* (1933), 213 Wis. 365, 251 N. W. 435; *Ayala v. Farmers Mut. Automobile Ins. Co.* (1956), 272 Wis. 629, 76 N. W. (2d) 563.

In *Rusch v. Korth, supra,* after reviewing the equitable basis for contribution, this court allowed Korth to recover although the jury found Korth not negligent and hence no common liability existed. As a contribution case it stands as an anomaly in the law. However, this case presented an unusual fact situation. Korth was sued as a tort-feasor and cross-complained for contribution against the driver of the car in which the plaintiff was a passenger. At the time of trial, Korth settled with the plaintiff and the trial continued on the cross complaint. The jury found Korth was not negligent. This court allowed Korth to recover one half of the amount paid in settlement and stated that because Korth only sought contribution there was no need to consider whether Korth might have been entitled to indemnity for the entire amount paid. The recovery was allowed on reasoning expressed as follows (p. 327):

"The considerations of equity and fairness which have led this court to allow contribution in favor of one tort-feasor against another are applicable *a fortiori* to the present case, where Korth, according to the jury and trial court, is not a tort-feasor at all, and yet is not a mere volunteer or intermeddler. If a wrongdoer who has paid a claim may recover half the payment from another who ought in fairness to pay part of it, surely one who is found not to have been guilty

of any wrong should not be denied a like recovery from one who ought in equity and fairness to pay the whole claim."

In making what this court said was a slight extension of the right to contribution, the opinion stated (p. 329):

"In reaching our decision we have not overlooked *Michel v. McKenna,* 199 Wis. 608, 614, 615, 227 N. W. 396, *Papenfus v. Shell Oil Co.* 254 Wis. 233, 239, 35 N. W. (2d) 920, nor *Mutual Automobile Ins. Co. v. State Farm Mut. Automobile Ins. Co.* 268 Wis. 6, 8, 66 N. W. (2d) 697, where the decisions were based on reasoning inconsistent with the view that a nonnegligent person may have contribution. Those decisions deal with their own facts; we are unwilling to extend their reasoning to the very different case now before us."

The plaintiff relied on the language in the *Korth Case* in framing its complaint for contribution but applied it to an ordinary fact situation of one tort-feasor settling a claim prior to suit—a fact situation similar to that in *Western Casualty & Surety Co. v. Milwaukee G. C. Co., supra.* We consider the doctrine enunciated in *Michel v. McKenna* (1929), 199 Wis. 608, 227 N. W. 396, *Papenfus v. Shell Oil Co.* (1949), 254 Wis. 233, 35 N. W. (2d) 920, and *Mutual Automobile Ins. Co. v. State Farm Mut. Automobile Ins. Co.* (1954), 268 Wis. 6, 66 N. W. (2d) 697, applicable to the facts here.

The *Korth Case* might better have been put on the general equitable principles governing subrogation as was inferred in the subsequent case of *Kennedy-Ingalls Corp. v. Meissner* (1958), 5 Wis. (2d) 100, 92 N. W. (2d) 247. In the more-recent decision in *Bauman v. Gilbertson* (1959), 7 Wis. (2d) 467, 96 N. W. (2d) 854, we commented on the *Korth Case* as follows (p. 470):

"The appellants urge that common liability is no longer required as an essential element of contribution under *Rusch v. Korth* (1957), 2 Wis. (2d) 321, 86 N. W. (2d) 464.

We do not agree. The latter case in reality should not be classed as a contribution case but rather as one grounded on the principle of subrogation. *Kennedy-Ingalls Corp. v. Meissner* (1958), 5 Wis. (2d) 100, 106, 92 N. W. (2d) 247."

We did not intend the *Korth Case* to change the traditional law of contribution in this state so as to make it unnecessary for the party seeking contribution to allege and prove his negligence, the negligence of the defendant, and common liability resulting from such joint negligence. The language therein used extending the doctrine of contribution to cases when no common liability exists at the time of the accident cannot be approved.

After a careful review of the cases and the implications put on the language of the *Korth Case,* this court is of the opinion that, to recover on the basis of contribution, nonintentional negligent tort-feasors must have a common liability to a third person at the time of the accident created by their concurring negligence. Language to the contrary in the *Korth Case* is overruled. Situations like those of the *Korth Case* may give rise to a claim for subrogation in equity but on principle cannot be based on the equitable principles governing contribution. It follows, therefore, that when one of two or more joint tort-feasors pays more than his proper proportionate share (comparative negligence not being applied to contribution cases, *Wedel v. Klein* (1938), 229 Wis. 419, 282 N. W. 606) and brings suit for contribution against the other tort-feasor, he must plead and prove among the other necessary allegations his own negligence, the negligence of the other tort-feasors, and their common liability. This rule places the burden of proof on the one asserting contribution. In view of the circumstances giving rise to this appeal, the plaintiff should be permitted to amend its complaint.

*By the Court.*—The order appealed from is reversed with directions to enter an order sustaining the demurrer and granting twenty days to the plaintiff to amend its complaint.

FAIRCHILD, J. (*dissenting*). My understanding of the decision in *Rusch v. Korth* (1957), 2 Wis. (2d) 321, 86 N. W. (2d) 464, was that where a person threatened with imposition of liability for negligence makes a settlement reasonable in amount, that person may recover contribution from a second person upon establishing that the second was liable to the claimant for negligence under circumstances where there would be common liability if the claimed negligence of the first person had been established. It did not change the theory that contribution was based upon common liability, but it did not require one who settled a claim based upon negligence to establish that he was, in fact, negligent in order to recover contribution from another who was, in fact, negligent. This holding still appears to me to be sound.