406

LANFERMAN, Respondent, vs. MARYLAND CASUALTY COM-
PANY, Appellant.

*April 30—September 15, 1936.*

For the appellant there were briefs by *Coleman & Barry,* attorneys, and *James E. Coleman* of counsel, all of Milwaukee, and oral argument by *Mr. Coleman.*

For the respondent there was a brief by *Corrigan, Backus, Sullivan & Backus,* attorneys, and *A. C. Backus, Jr.,* of counsel, all of Milwaukee, and oral argument by *A. C. Backus, Jr.*

The following opinion was filed June 2, 1936:

FOWLER, J. The appellant concedes that, under its contract reserving to itself absolute control of litigation, if its decision not to settle the Tomasik case that it defended for the plaintiff was made in bad faith, it must respond in damages to the plaintiff. *Hilker v. Western Automobile Ins. Co.* 204 Wis. 1, 231 N. W. 257, 235 N. W. 413. Its main contention is that the jury's finding of bad faith in failing to come to an agreement with the plaintiff's attorneys for settlement of the case within the policy limits is not supported by the evidence.

The jury found that Tomasik's counsel during the progress of the trial offered to settle for $5,000 and costs, and that defendant's counsel offered to pay $5,000 in settlement. This implies a failure and refusal to settle for the policy limits, which were "$5,000 and costs," and a subjection of the plaintiff to the risk of being mulcted in a sum three times $5,000 when it might have avoided that risk by merely adding to its own offer the amount of the costs. This, in view of the items of evidence below stated, tends to indicate that the defendant regarded its obligations toward the plaintiff rather lightly. The evidence shows that on investigation of the Tomasik case, at the time of the accident the investigator for the defendant reported a liability for judgment in an amount in excess of the policy limits and advised the setting

up of a reserve of the policy limits to cover the risk. Such reserve was set up by the defendant. The opening statement by Tomasik's counsel to the jury of plaintiff's injuries indicated damages far in excess of the policy limits. Lanferman's counsel had informed the defendant's counsel that he believed a verdict in excess of the policy limits would be returned, and had demanded that the defendant settle within those limits. He had made three or four attempts prior to the trial to get the defendant's counsel to make an offer of settlement before the case came to trial, when it could have been settled for $5,000 according to the testimony of Tomasik's attorney, who had stated to Lanferman's attorney that he would settle for the policy limits, and this statement had been reported by Lanferman's attorney to defendant's attorney. No offer of settlement was made by the defendant prior to the trial. The defendant insisted as condition of their making an offer of settlement that Lanferman should contribute toward the amount offered, and on his claiming inability to do so asked that he get his father to contribute. Defendant's attorney, who had charge of the negotiations for settlement, stated that he would like to try the case, as he thought he could get a finding of contributory negligence. The complaint in the case charged both gross negligence and ordinary negligence and as to the former contributory negligence is not a defense. The jury found gross negligence. Tomasik's counsel stated during the negotiations toward settlement at the time of the trial that he believed he could establish gross negligence, and gave that as a reason for demanding the full policy limits of $5,000 and costs. Upon the testimony as to all these matters, which the jury might rightly believe, we consider that the finding of bad faith on the part of the defendant was warranted.

The appellant claims that the judgment should be reversed because the plaintiff failed to co-operate with the defendant in defending the Tomasik case. The special verdict contained no question respecting lack of co-operation, and we do

not find that the defendant requested that any such question be submitted. In this situation the fact is deemed to have been found by the court in support of the judgment. Sec. 270.28, Stats. The evidence in our view warrants such a finding.

We believe the above covers the matters raised by the brief of the appellant. It is incidentally suggested that a statement of Tomasik's attorney prior to the trial of the Tomasik case to the effect that he would accept a settlement for $5,000 was improperly received as hearsay, but the testimony of the attorney given upon this trial, which is not disputed, establishes the fact as to which the previous statement was hearsay. No prejudice could have resulted from receipt of the statement. Moreover, the statement was reported to defendant's counsel and the report of it was admissible on the question of the defendant's good faith.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on September 15, 1936.