HEIMBACH, Plaintiff, vs. HAGEN and others, Defendants and Respondents: CALBICK and another, Interpleaded Defendants and Appellants.

*May 10—June 4, 1957.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

For the respondents there was a brief and oral argument by *Crosby H. Summers* of Janesville.

WINGERT, J. The sole question for decision is whether the above-quoted release is effective to bar the right to contribution which defendants Hagen and their insurer would otherwise have in the event they are held liable to plaintiff in the pending action. We hold that the right to contribu-

tion has been extinguished, and that Calbick and her insurer are entitled to dismissal from the action.

For present purposes we must assume that Calbick and Mrs. Hagen were contributing or "joint" tort-feasors, both responsible for plaintiff's injuries and severally liable for her entire damages. Calbick and her insurer sought to buy their peace from litigation and liability by paying plaintiff $7,500 in exchange for, *inter alia*, (1) a release of their direct liability to plaintiff, (2) a covenant on plaintiff's part not to sue them, and (3) an agreement that plaintiff's "claims and causes of action are credited and satisfied on their [Calbick and her insurer] behalf to the extent of one half ($\frac{1}{2}$) thereof," which it was hoped would extinguish their potential liability for contribution.

On the contribution question, the controlling feature of the release is that in which plaintiff, on behalf of Calbick and her insurer, credits and satisfies plaintiff's claims and causes of action to the extent of one half thereof. Thereby plaintiff settled 50 per cent of her cause of action, whatever its amount might prove to be, and retained only the other 50 per cent to enforce against the defendants. If the action proceeds against the latter, and plaintiff wins the verdict, plaintiff will have to credit as paid one half of the amount of her total original cause of action as so established, and defendants will not have to pay more than one half of such total. One half of plaintiff's cause of action is the maximum that Hagens and their insurer could recover from Calbick and her insurer in the absence of this settlement, if upon trial it should be determined that both Hagen and Calbick are liable as joint tort-feasors and defendants should pay the entire judgment. Thus, giving effect to the settlement, defendants will not have to pay any more than if Calbick had remained in the case and had remained liable for contribution.

Contribution between joint tort-feasors is in origin an equitable principle, and arises when one joint tort-feasor pays

more than his equitable share of the damages. *Mutual Automobile Ins. Co. v. State Farm Mut. Automobile Ins. Co.* 268 Wis. 6, 8, 66 N. W. (2d) 697. Where there are two joint tort-feasors, that share is fixed by law at one half. In the present case, for the reasons stated, defendants will never have to pay more than one half of plaintiff's total damages. Therefore there is no occasion to preserve for them in form a purely theoretical right to contribution which they could never exercise.

Defendants' main contention is that if they are denied right of contribution from Calbick, they may have to pay more than one half of plaintiff's total *recovery*. Thus if the jury finds plaintiff's damages to be $20,000, defendants will have to pay $10,000 while Calbick pays only $7,500. They say that in such a situation they should have a right of contribution against Calbick for $1,250, so that ultimately each party will pay $8,750, or one half of plaintiff's total cash recovery of $17,500.

We think, however, that defendants cannot complain, and will not have paid more than their proper share, if they have to pay $10,000 out of total damages of $20,000. They will not have paid more than one half of plaintiff's damages, nor more than they would have paid had there been no settlement with Calbick. The fact that Calbick will have escaped with payment of only $7,500 is a matter wholly between her and plaintiff, and will accord with the policy of the law to encourage settlements.

*State Farm Mut. Automobile Ins. Co. v. Continental Casualty Co.* 264 Wis. 493, 59 N. W. (2d) 425, does not govern the present case. There one of two joint tort-feasors paid $15 for a release from a claim which the other tort-feasor later settled for $1,107. The release expressly reserved the injured party's rights against the unreleased tort-feasor and agreed to indemnify the released tort-feasor against liability for contribution. This court considered with great care the

effect of such a release on the other joint tort-feasor's right to contribution, and held that it did not bar the right to have contribution in the particular case, with respect to the amount of plaintiff's recovery less a credit for the amount paid for the release. We pointed out that in Wisconsin, contrary to the law in many other jurisdictions, a release of one joint tort-feasor with reservation of rights against the other is treated as a covenant not to sue, and does not destroy the right to contribution (see 264 Wis. at pp. 497, 498), and that sec. 113.04, Stats., seems to accomplish nothing more than to put that rule into statutory form (p. 500).

The distinguishing feature of the present case is that here the plaintiff satisfied one half of her entire claim in consideration of the $7,500 paid by Calbick's insurer, and thereby limited her recovery against the defendants to the other one half, whereas in *State Farm Mutual,* the claimant preserved her right to collect her full damages less $15 from the unreleased tort-feasor. Hence the reason for holding that the right to contribution remained in *State Farm Mutual* does not exist in the present case, where defendants cannot possibly be held liable for more than their half of the total damages.

It is not now necessary to determine whether the present release contains an "express reservation of rights" against the nonsettling tort-feasors, so as to make sec. 113.05, Stats., applicable instead of sec. 113.04. Certainly the intention is clearly manifested to reserve the right to recover one half of the total claim from defendants, subject to such adjustment as may be required if that half turns out to be less than $7,500; and so defendants are not released from their liability for that half. *Ellis v. Esson,* 50 Wis. 138, 152, 153, 6 N. W. 518; *Kropidlowski v. Pfister & Vogel Leather Co.* 149 Wis. 421, 427, 135 N. W. 839. Whichever section of the statutes may be applicable, defendants are discharged by the settlement to the extent of at least one half of plaintiff's total dam-

ages, and therefore no right to contribution from Calbick and her insurer can arise. This result was anticipated in *State Farm Mut. Automobile Ins. Co. v. Continental Casualty Co.* 264 Wis. 493, 504, 59 N. W. (2d) 425, where we said:

"If plaintiff's liability to Mrs. Wilson by reason of the indemnification agreement was limited to paying her but 50 per cent of her damages, it would necessarily follow that plaintiff would have no right of contribution in this action because its equitable share of the total damages would be such remaining 50 per cent thereof."

It follows that Calbick and her insurer were entitled to have their motion for summary judgment of dismissal granted. Complaint is made that such dismissal may be prejudicial to defendants, by depriving them of the opportunity to examine Calbick as an adverse witness before and at the trial. We do not consider, however, that one otherwise entitled to dismissal on the merits should be kept in a lawsuit simply so that he may be examined adversely.

*By the Court.*—Order reversed, with directions to grant the motion of the interpleaded defendants for summary judgment.