LEWANDOWSKI (Jerome), Plaintiff and Appellant, v. BOYNTON CAB COMPANY and another, Defendants and Respondents: LEWANDOWSKI (Donald), Interpleaded Defendant.

*March 4—April 7, 1959.*

50

For the appellant there were briefs and oral argument by *Marvin Resnick* of Milwaukee.

For the respondents there was a brief by *Moore & Moore* of Milwaukee, and oral argument by *Gary E. Moore* and *Raymond J. Moore*.

MARTIN, C. J. Respondents Boynton Cab Company and Frank A. Lawrence maintain that the order denying summary judgment to Donald Lewandowski is not appealable by the appellant because he is not a party aggrieved, citing sec. 274.10, Stats.

It was stated in *Greenfield v. Joint County School Comm.* (1955), 271 Wis. 442, 447, 73 N. W. (2d) 580:

"The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation."

By the release entered into between appellant and the interpleaded defendant and his insurer, appellant agreed to:

". . . indemnify and save forever harmless said payors against loss or damage because of any and all further claims, demands, or actions made by others on account of or in any manner resulting from said injuries, losses, and damages."

If Donald Lewandowski is to remain in the case as a party defendant he will at least be represented by an attorney, and payment of counsel fees, as well as any other expense incurred by reason of his continued participation in the litigation, will be, under the terms of the indemnification agreement, appellant's obligation. This satisfies the rule that he must be an "aggrieved party," and the denial of Donald Lewandowski's motion for summary judgment entitles the appellant to appeal therefrom under sec. 274.10, Stats.

Under the rule of *Heimbach v. Hagen* (1957), 1 Wis. (2d) 294, 83 N. W. (2d) 710, the trial court should have

granted Donald Lewandowski's motion for summary judgment. The release in the instant case reads:

"I reserve the right to make claim against any and every other person, this is a release of the persons herein specifically designated only. They are also released and discharged to the extent of their liability, if any, for contribution, and my claims and causes of action are credited and satisfied on their behalf to the extent of one half ($\frac{1}{2}$) thereof."

In *Heimbach v. Hagen, supra* (p. 295), the release in question contained practically identical language:

" 'This is a release of the persons herein specifically designated only. They also are released and discharged to the extent of their liability, if any, for contribution, and said claims and causes of action are credited and satisfied on their behalf to the extent of one half ($\frac{1}{2}$) thereof.' "

This was given by the plaintiff to a Miss Calbick and her insurer. Plaintiff later sued the Hagens. They interpleaded Calbick and her insurance company, who answered the cross complaint against them for contribution, setting up the release as a defense, and moved for summary judgment. On the appeal which was taken from the order denying said motion, this court held (p. 295):

"The sole question for decision is whether the above-quoted release is effective to bar the right to contribution which defendants Hagen and their insurer would otherwise have in the event they are held liable to plaintiff in the pending action. We hold that the right to contribution has been extinguished, and that Calbick and her insurer are entitled to dismissal from the action."

It was there observed by the court that under the terms of the release plaintiff had settled 50 per cent of her cause of action, whatever its amount might prove to be, and retained only the other 50 per cent to enforce against the defendants. Thus, should the trial result in a verdict for the plaintiff,

defendants would not have to pay more than one half of the total, which is the maximum they could recover from the interpleaded defendants if they remained in the case and if both Hagen and Calbick were found to be liable as joint tort-feasors.

Respondents argue that the rule of the *Heimbach Case, supra,* is not applicable here because in that case the release was executed prior to the commencement of the action. The argument has no merit. It is immaterial when the release was entered into. A reading of the *Heimbach Case* shows that the decision was based entirely upon the reasoning set out above.

We further held in the *Heimbach Case* (p. 299):

"It follows that Calbick and her insurer were entitled to have their motion for summary judgment of dismissal granted. Complaint is made that such dismissal may be prejudicial to defendants, by depriving them of the opportunity to examine Calbick as an adverse witness before and at the trial. We do not consider, however, that one otherwise entitled to dismissal on the merits should be kept in a lawsuit simply so that he may be examined adversely."

*By the Court.*—Order reversed, and cause remanded with directions to enter summary judgment dismissing the cross complaint against Donald E. Lewandowski.