NELSON, Respondent, v. Boos, Appellant.

*May 4—June 2, 1959.*

For the appellant there was a brief and oral argument by *Ralph J. Jeka* of Milwaukee.

For the respondent there was a brief and oral argument by *Dennis M. Sullivan* of Milwaukee.

HALLOWS, J. The first question is whether this action should have been dismissed on the basis of the mutual release. The release, after reciting the existence of a joint adventure for the acquiring and development of certain oil and gas leases in Tennessee by Oscar Nelson, Katherine Bland, and Hattie Boos, and the disputes and litigation which arose in the relationship of the parties in connection with the ownership and operation of the oil and gas leases and in connection with the accounting for the disbursement of funds and disposition of the property, provided as follows:

"The parties hereto have each agreed among themselves that all of the right, title, and interest of each of them, to-

gether with all the claims and demands, both legal and equitable, by any against each other, shall be compromised and settled in the manner hereinafter set forth, that is to say . . ."

The release then stated that Nelson had assigned by a separate instrument all his right, title, and interest to the oil and gas leases to Katherine Bland and Hattie Boos as trustees for certain equitable owners; that they agreed to assume all the obligations and liabilities of the joint adventure and to pay all the costs in the cases pending in the chancery court in Anderson county, Tennessee, designating the two actions. Oscar Nelson then agreed as follows:

". . . forthwith and with reasonable dispatch, dismiss, or cause to be dismissed the suits or actions pending, whatever type, nature, or kind, in the court of record of Milwaukee, Milwaukee county, Wisconsin, in so far as the same pertain to the relationship of these parties in connection with the oil and gas activities, leases, interests, assets, or obligations as herein recited."

Katherine Bland and Hattie Boos agreed to pay all the costs accruing or taxed in the said cases pending in the courts of record of the state of Wisconsin growing out of this controversy between the parties involving oil and gas leases in Tennessee. The release then contains the following provision:

"It is mutually agreed and understood that nothing herein contained or herein recited shall affect the liberty, force, or effect of any judgment, final or interlocutory, heretofore entered by any court of record against any other party to this instrument."

At the time this release was being negotiated and executed in Tennessee on February 5th, the day after the default judgment was taken in this action in Milwaukee, there were four cases pending between the parties. In Anderson county, Tennessee, there was a case in the criminal court in which

Nelson was the defendant, and a case in the chancery court in which Nelson sought to enjoin Wojczak from disposing of Nelson's interest in the gas and oil leases. In Milwaukee county, Wisconsin, there was an action by Oscar Nelson and Edna Nelson, his wife, against the three defendants seeking damages for the wrongful conveyance and conversion of Nelson's interest in the leases, and this action by Nelson against the defendants for conspiracy to deprive him of said leases and to discredit his reputation by means of a malicious-prosecution suit.

These cases all arose out of the relationship of the parties and were connected and intertwined with their activities involving the oil and gas leases. The evidence is voluminous and conflicting but it appears that besides their activities variously referred to as a joint adventure or partnership or joint business of buying, selling, and developing oil and gas leases, they also purchased a piece of property at Lake Delavan, Wisconsin, on a land contract. This was handled by Nelson. Hattie Boos claimed to have given Nelson $10,000 which he was to pay on the land contract. Nelson claims and proved he received only $7,300, out of which he paid only $5,300 on the contract, which was later foreclosed, some $1,500 on an oil lease, unknown at the time to Hattie Boos, and the balance on various bills which are disputed by Hattie Boos. On becoming suspicious of the dealings of the plaintiff, Wojczak transferred all of Nelson's interests in the oil leases to himself. This he was able to do because blank assignments of leases had been previously signed by the parties and left in his possession. This action gave rise to the civil suit in Tennessee and one in Wisconsin. Hattie Boos then caused the criminal suit to be filed against Nelson in Milwaukee. Upon a dismissal of the criminal action Nelson commenced this suit. In the latter part of January or the first part of February Hattie Boos went to Tennessee, and as a result the mutual release was prepared and signed

by Nelson on the 5th of February and by Hattie Boos on the 12th.

In construing this release we must read the instrument in its entirety. The intent of the parties must be sought from the whole and every part of the instrument and from the surrounding conditions and circumstances. 45 Am. Jur., Release, p. 692, sec. 28. It provides that both parties settle and compromise all their right, title, and interest, together with all claims and demands, both legal and equitable, they have against each other. This was qualified by the provision that all such claims will be settled in the manner set forth therein. One means required Nelson to dismiss the suits or actions pending, whatever type, nature or kind, in the court of record in Milwaukee so far as the same pertain to the relationship of the parties in connection with the oil and gas activities. If it were the intention of the parties that only one of the actions in Milwaukee was to be dismissed there was no occasion for using the words "suits or actions."

This language covers the present action in which the complaint alleges a conspiracy to deprive the plaintiff of his interest in the oil and gas leases and the commencement of a criminal action against Nelson pursuant to the conspiracy to deter him in his action in Tennessee against Wojczak. We do not view the Lake Delavan deal as a separate or isolated transaction. Nelson testified that some of the money he received from Hattie Boos to pay on the property was used in connection with an oil or gas lease without her knowledge. This suit for the purpose of construing the mutual release cannot be disregarded by calling it a malicious-prosecution suit. It was part and parcel of the relationship of these parties in connection with the gas and oil leases and activities.

The trial court took the position that the release did not apply to this case because a judgment had been entered herein. The release provides it should not affect any judgment "heretofore entered by any court of record against any other

party to this instrument." This language is ambiguous. Who is any other party to the release? The trial court took this wording to mean any party to the instrument, disregarding the word "other." A construction which renders meaningless a provision expressed in the contract or results in surplusage should be avoided if possible. An interpretation which gives a reasonable meaning to all provisions is to be preferred to one which leaves part of the language useless or inexplicable. *Lauterbach v. Brown,* ante, p. 240, 96 N. W. (2d) 605.

In view of the other language of the release purporting to settle all claims and demands and requiring Nelson to dismiss the actions pending in Milwaukee county and Katherine Bland and Hattie Boos to pay all costs accruing or *taxed* in those suits, we cannot agree with the construction of the trial court. Reading the release as a whole and in view of the circumstances, this language must mean that the release would not affect any judgment in any court of record against any other party than to the release.

Any judgment against a party to the release is settled and released, excluding judgments they may have against other persons not parties to the release. If the parties intended to leave judgments or other things open and unsettled between them their intention to do so should be manifested in clear language.

The appellant urged that if this paragraph was construed as including all judgments it was not intended by the parties to include a default judgment taken during the negotiations for the release and entered without knowledge of at least one party. It is also contended that upon the vacation of the default judgment the other provisions of the release were then applicable. While these arguments have merit we do not rest our decision on those grounds.

We conclude that the trial court should have dismissed this action on the basis of the release. This conclusion makes it unnecessary to discuss the alleged errors in the trial, as the

400

judgment of the court should be reversed and the complaint dismissed. While the appellant appealed from an order in the form of a denial of a motion to dismiss, the respondent raised no question as to its applicability. We treat the appeal as a review of an order which is before us on appeal from the judgment.

*By the Court.*—Judgment reversed, with instructions to dismiss the complaint on its merits.

MARTIN, C. J., took no part.