Frank AUGUSTIN, Plaintiff-Appellee,

v.

**GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Ltd.,** Defendant-Appellant.

No. 12957.

United States Court of Appeals Seventh Circuit.

Oct. 4, 1960.

Rehearing Denied Nov. 21, 1960.

Richard C. Bleloch, Chicago, Ill., for appellant, Charles G. Levy, Chicago, Ill., of counsel.

Richard A. McDermott, Ray T. McCann, Milwaukee, Wis., for plaintiff-appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This diversity action was brought by Frank Augustin, plaintiff-appellee, an assured of General Accident Fire and Life Assurance Corporation, Ltd., defendant-appellant, to recover the difference between the amount of his automobile liability insurance policy coverage ($5,-000.00) and the amount of a judgment rendered against him in a negligence action defended on his behalf by the defendant insurance company. Augustin asserted liability predicated on the defendant's lack of good faith in refusing to accept a settlement offer within the policy limits. The negligence action, tried in a Wisconsin state court, was a suit against Augustin, his insurer General Accident, and the Milwaukee Electric Railway & Transport Company. It was instituted by Augustin's wife to recover for personal injuries alleged to have been sustained in a collision between an automobile driven by Augustin and a streetcar of the Milwaukee Electric Railway & Transport Company. Augustin's action in the District Court against his insurer was tried by the court after a jury had been excused by stipulation. The District Court filed a written opinion, made specific findings of fact and conclusions of law and gave judgment for the plaintiff in the amount of $22,500.00 with interest, the principal sum representing the excess of the negligence action judgment over the policy limit paid by defendant. Defend-

ant appealed and contends the District Court erred in failing to grant defendant's motion for a finding in its favor, misinterpreted the applicable law, made erroneous conclusions of law not based upon evidence, and erred in the inclusion of interest in the judgment.

The main contested issues are:

(1) Whether the District Court's finding that defendant had an actual opportunity to settle the claim is erroneous as a matter of law.

(2) Whether the District Court's inclusion of interest as an element of damage was proper.

■ A careful review of the record convinces us that it amply supports the District Court's findings that during the trial of the negligence action Mrs. Augustin offered to settle her claim against Augustin and the defendant insurance company for the policy limit of $5,000.00, release them from all further claims arising from the collision and to execute appropriate releases so as to save them harmless from any and all future claims but reserving her right to proceed against the Milwaukee Electric Railway & Transport Company, the remaining defendant, and that the attorney representing Augustin with respect to over-the-policy limits liability demanded that the defendant insurance company accept the offer. We find no merit in defendant's belated contention that the offer was incomplete because actually limited to a release of the defendant insurance company alone. When the proposal was reduced to writing during the noon recess Augustin's name was omitted, apparently through inadvertence. The omission evoked no comment at the time nor does the record show that the defendant's refusal to settle was in any manner predicated on such omission. It is clear from the record, and the District Court so found, that defendant's counsel's refusal of the offer of settlement, release and indemnification was stated to be because of his doubt that any such settlement could be made without the consent of the Milwaukee Electric Railway & Transport Company.

The record reveals that counsel for defendant expressed concern over possible contribution rights which might accrue to the streetcar company in case of a substantial judgment against it.

■ Under Wisconsin law a joint tort-feasor can be compelled to contribute to his fellow tort-feasor who has paid more than his equitable share of the joint liability. DeBrue v. Frank, 213 Wis. 280, 251 N.W. 494; Farmers Mutual Automobile Insurance Company v. Milwaukee Automobile Insurance Company, 8 Wis. 2d 512, 99 N.W.2d 746; 43 Marquette Law Review, 102 (1959). It is from this premise that defendant contends that the settlement proposal made actually afforded no opportunity to settle and that the possible contribution rights of the streetcar company as a joint tort-feasor precluded any effectual settlement between the remaining parties. We do not agree. The opportunity afforded defendant to effect a settlement within policy limits presented no unusual problem. The fact that Mrs. Augustin's action alleged concurring negligence on the part of Augustin and the streetcar company presented no insurmountable legal complications. All of the parties were before the court. A proper release could have been executed which would have relieved defendant and its insured of all further claims, including that for contribution. In this connection it was pointed out in State Farm Mutual Automobile Insurance Company v. Continental Casualty Co., 264 Wis. 493, 59 N.W.2d 425, 430:

" 'The present controversy should not be confused with the situation which frequently arises where all of the alleged tort-feasors, as well as the claimant, are before the court and where in the interest of a practical disposition of the entire matter—usually with full consent of the parties—the court disposes of the right of contribution by entering judgment for one half of the amount of the verdict, in recognition of the ultimate effect of the covenant not to sue and the save-harmless agreement. That procedure is not available here because the convenanting parties are not before the court' ".

Again in Heimbach v. Hagen, 1 Wis. 2d 294, 83 N.W.2d 710, 712, in holding that the form of release there utilized was effective to bar contribution, it is said:

"On the contribution question, the controlling feature of the release is that in which plaintiff, on behalf of Calbick and her insurer, credits and satisfies plaintiff's claims and causes of action to the extent of one-half thereof. Thereby plaintiff settled 50 per cent of her cause of action, whatever its amount might prove to be, and retained only the other 50 per cent to enforce against the defendants. If the action proceeds against the latter, and plaintiff wins the verdict, plaintiff will have to credit as paid one-half of the amount of her total original cause of action as so established, and defendants will not have to pay more than one-half of such total. One-half of plaintiff's cause of action is the maximum that Hagens and their insurer could recover from Calbick and her insurer in the absence of this settlement, if upon trial it should be determined that both Hagen and Calbick are liable as joint tort-feasors and defendants should pay the entire judgment. Thus, giving effect to the settlement, defendants will not have to pay any more than if Calbick had remained in the case and had remained liable for contribution.

"Contribution between joint tort-feasors is in origin an equitable principle, and arises when one joint tort-feasor pays more than his equitable share of the damages. Mutual Automobile Ins. Co. of Town of Herman v. State Farm Mut. Automobile Ins. Co., 268 Wis. 6, 8, 66 N.W.2d 697. Where there are two joint tort-feasors, that share is fixed by law at one-half. In the present case, for the reasons

stated, defendants will never have to pay more than one-half of plaintiff's total damages. Therefore there is no occasion to preserve for them in form a purely theoretical right to contribution which they could never exercise".

A similar result was directed in Lewandowski v. Boynton Cab Co., 7 Wis. 2d 49, 95 N.W.2d 823, in which the release was executed during the pendency of the action.

That the three Wisconsin decisions last cited were decided subsequent to the trial of the negligence action here involved does not, as defendant seems to suggest, lessen their effectiveness as precedents. There is nothing to indicate that they are in any manner inconsistent with previous Wisconsin case law or represent any change of position by the Wisconsin court.

■ We are convinced that acceptance of the offer of settlement could have resulted in an effectual settlement releasing all liability including contribution claims. The District Court did not err in so concluding.

We are aware of the admonition in Hilker v. Western Automobile Ins. Co., 204 Wis. 1, 10, 231 N.W. 257, 260, 235 N.W. 413, that each case presenting the issue of liability of an insurance carrier in excess of its policy limits for refusal to accept a settlement within those limits ought to be determined upon its own peculiar state of facts. See also Berk v. Milwaukee Automobile Insurance Co., 245 Wis. 597, 15 N.W.2d 834 and Lanferman v. Maryland Casualty Co., 222 Wis. 406, 267 N.W. 300.

In this connection the facts and circumstances surrounding the refusal become relevant. In its findings of fact the District Court found, inter alia, that when, at the opening of the trial of the negligence action October 25, 1950, defendant withdrew a policy defense it had previously asserted against Augustin and assumed and took control of Augustin's defense the defendant was totally unprepared to competently defend him since it had made no investigation nor preparation, had no lay nor medical witnesses available, had no statement of witnesses and had not taken depositions of adversary witnesses. These findings are amply supported by the record. We have carefully reviewed the record in this respect, considered the evidence bearing on the original notice given defendant of the June 30, 1946 collision, defendant's knowledge since October 18, 1947 of the serious injuries claimed by Augustin's wife, and the course followed by defendant with respect to the litigation which followed. It would serve no useful purpose to relate the details. Suffice it to say that it is abundantly clear that the defendant had not proceeded in a manner to prepare to defend the interests of its assured.

Against this background there is no basis for us to hold that the District Court's finding that the decision of the defendant to refuse to settle was not an honest, intelligent, good faith judgment lacks evidentiary support. It certainly cannot be regarded as clearly erroneous. By its own dereliction defendant did not have any foundation in fact or in law upon which it could intelligently appraise the probabilities and give due consideration to the best interests of its insured. Under such circumstances defendant's action in choosing to expose its insured to full liability can hardly be characterized as a display of good faith.

We conclude that the findings of fact made by the District Court are amply supported by the evidence and that its conclusions of law are free from error.

■ The judgment rendered against Augustin bore interest and under the facts and circumstances of the case it is our opinion that interest was a proper element of damage.

The judgment of the District Court is affirmed.

Affirmed.