John J. BYRNES, Trustee for Charles Albert Lund, Plaintiff-Appellant,

v.

PHOENIX ASSURANCE COMPANY OF NEW YORK, a foreign corporation, Defendant-Appellee.

No. 13610.

United States Court of Appeals Seventh Circuit.

June 6, 1962.

See, also, D.C., 178 F.Supp. 488.

Thomas P. Maroney and Maroney & Schiro, Milwaukee, Wis., for appellant.

F. H. Prosser, Jack R. Wiedabach, Milwaukee, Wis., Wake, Prosser, Zimmermann & Quale, Milwaukee, Wis., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This is an action brought by John J. Byrnes, Trustee for Charles Albert Lund, Bankrupt (appellant) against defendant, Phoenix Assurance Company of New York (appellee). Plaintiff claims damages occasioned by the alleged bad faith of defendant in failing to settle within its policy limits a claim for personal injuries arising out of an automobile accident.

The case was tried to the court without a jury. The trial court found the facts and stated its conclusions of law in favor of defendant. Judgment was entered thereon dismissing plaintiff's complaint. This appeal followed.

Plaintiff contends that the trial court erred as a matter of law in failing to find for him.

On July 23, 1950, an automobile collision occurred at the intersection of Highway 50 and County Trunk B in Kenosha County, Wisconsin. Charles Albert Lund (the Bankrupt) was the driver of an automobile northbound on County Trunk B, and his wife was his passenger. Montgomery Ward Thorne was the driver of an automobile eastbound on Highway 50, and Carol Lind was his passenger. Personal injuries were sustained by Lund, his wife and Carol Lind.

At the time of the accident, Thorne had liability insurance with Hartford Accident and Indemnity Co. with limits of $15,000 and was beneficiary of a multimillion dollar trust. Lund had similar insurance with Phoenix Assurance Company of New York (defendant) with limits of $10,000 and no non-exempt assets of his own at the time of the accident and subsequent trial.

Shortly after the accident Lund retained William Sheldon, an attorney, to pursue any claim Lund might have against Thorne. Sheldon was also retained by defendant with respect to the defense of any claim which might be

asserted against Lund, its insured. A thorough investigation of the facts surrounding the accident was made by defendant through its agents. Sheldon conducted an investigation on behalf of defendant and Lund. According to the findings of the district court in the instant case, Sheldon determined that "while there was some risk involved of a judgment against Mr. Lund in excess of any recovery in his behalf there was also a good chance of a finding of no causal negligence on behalf of Mr. Lund * *."

As a result of the accident, two suits were brought in the Circuit Court of Kenosha County, Wisconsin. In one, Carol Lind was plaintiff and Lund, Phoenix Assurance Company of New York (Lund's insurance carrier and defendant in the instant action) and Thorne were defendants. In the other, Lund and his wife sued Thorne.

With the filing of Carol Lind's complaint, seeking damages in excess of the Phoenix policy limits, it was apparent that Lund's interest in the litigation and defendant's interest therein might diverge. With respect to the dual representation by Sheldon of Lund and defendant, the district court made the following findings of fact:

"6. Upon receipt of the complaint in the action above referred to, Phoenix Assurance Company transmitted to Charles Albert Lund by certified mail a letter commonly known as an 'excess' letter, which letter advised Mr. Lund of the fact that the claims being made against him were far in excess of his policy limits, and which letter further advised him of his right and need for an attorney to represent his personal interests in the matter with regard to excess liability.

"7. Upon receipt of this letter Mr. Lund discussed the matter with members of his family and with Attorney Sheldon and specifically requested that Attorney Sheldon continue to represent his interests and specifically agreed to Attorney Sheldon's undertaking the representation of both himself and the Phoenix Assurance Company in the entire matter."

Lund was further advised that in the event he and Thorne were both found negligent with respect to Carol Lind's injuries he would be liable to contribute 50% of her judgment regardless of the percentages of negligence attributable to Lund and Thorne. Lund was also advised that such judgment for contribution would probably exceed any judgment he might obtain in his separate suit for personal injuries against Thorne. The district court found that in view of the fact that Lund had no non-exempt assets and the possibility of a jury finding him completely free of negligence, Lund insisted the matter be tried stating he had nothing to lose by going through the trial.

Before the two state court cases were tried, a settlement was proposed. Under the proposed settlement, Carol Lind was to receive $70,000, $63,000 to be paid by the Thorne trust and $7,000 by defendant on Lund's behalf. Lund was to receive $9,000, $4,000 to be paid by Hartford Accident and Indemnity Co., Thorne's insurer, and $5,000 to be paid by Carol Lind. Thorne and his insurer were to waive their contribution rights against Lund. The settlement was never consummated because of the refusal of the Thorne trust to make any payment in the matter.

These two cases were consolidated for trial which commenced on March 16, 1953. On the second day of trial, Carol Lind's attorney made the following statement: "If the court please, the plaintiff, Carol Lind, at this time offers to settle her cause of action against Charles Lund and the Phoenix Indemnity Company for $10,000.00, reserving, however, her right against Montgomery Ward Thorne." This offer was not accepted by defendant, and no further settlement negotiations took place.

The jury found Lund negligent with respect to crossing the intersection at too slow a rate of speed. In response to motions after verdict, the trial court

found Lund causally negligent as a matter of law with respect to lookout. On appeal, the Supreme Court of Wisconsin affirmed the trial court's decision with respect to Lund's lookout but reversed the jury's finding that Lund proceeded through the intersection too slowly. Lind v. Lund, 266 Wis. 232, 63 N.W.2d 313 (1954). The ultimate result was a judgment in favor of Carol Lind for $84,629.47 against Lund and Thorne and a judgment in favor of Lund for $11,-155.50 against Thorne.

After judgment in the state court, Lund filed a voluntary petition in bankruptcy and John J. Byrnes was appointed trustee. The trustee brought this action against defendant for bad faith in failing to settle Carol Lind's claim against Lund. In finding for defendant, the district court held, *inter alia,* that there was "not one iota of evidence in this matter showing any bad faith on the part of defendant or any bad faith or unlawyerlike conduct on the part of Mr. Sheldon. * * *"

■ The standard by which defendant's conduct is tested is set forth in Berk v. Milwaukee Automobile Ins. Co., 245 Wis. 597, 601, 15 N.W.2d 834, 836 (1944), where it is stated: "Plaintiff can prevail only on the basis that defendant acted in, or was guilty of, bad faith in rejecting the offer of settlement, and in defending that action rather than settling same." To the same effect, this court has held that under the law of Wisconsin "an insurer is charged with the responsibility of exercising good faith in the defense of a claim against its insured and to exercise good faith in settling or compromising such claim within the limits of its liability where liability is conceded or where there is no reasonable basis for a contrary conclu-

sion." Royal Transit v. Central Surety & Ins. Corporation, 7 Cir., 168 F.2d 345, 346 (1948), cert. denied, 335 U.S. 844, 69 S.Ct. 68, 93 L.Ed. 395.

It is plaintiff's contention that defendant should have accepted the offer of Carol Lind's attorney to settle her claim against Lund for $10,000 because "the Lind-Lund case was a clear liability case."

■■ The offer to settle Carol Lind's claim, made on the second day of trial, would not have eliminated the possibility of a judgment for contribution against Lund in excess of a judgment in his favor against Thorne. The district court was correct in so finding. However, it is not disputed that the mechanics of a release protecting Lund from a judgment for contribution *could* have been worked out. Augustin v. General Accident Fire and Life Assur. Corp., 7 Cir., 283 F.2d 82, 85 (1960).[1] A release executed by Carol Lind which did not state that she reserved her rights against the other joint tortfeasor, Thorne, would have constituted a release of 50% of her claim against Lund and Thorne. Having executed such a release in Lund's favor, Carol Lind could then have recovered no more than half of any subsequent judgment from Thorne. Thorne, having paid no more than half, would have no claim for contribution against Lund. See State Farm Mut. Auto. Ins. Co. v. Continental Cas. Co., 264 Wis. 493, 59 N.W. 2d 425 (1953).

The trustee's contention that the compromise offer was to settle 50% of Carol Lind's claim for $10,000 is untenable. By the specific words of the offer, she sought to reserve "her right against Montgomery Ward Thorne." Under such conditions, it has been held that a release of one joint tortfeasor neither pre-

---

1. In this case, we noted that under Wisconsin law "a joint tort-feasor can be compelled to contribute to his fellow tortfeasor who has paid more than his equitable share of the joint liability." Id. 283 F.2d at 84, citing cases. We also recognized "that acceptance of the offer of settlement could have resulted in an effectual settlement releasing all liability including contribution claims." Id. at 85. On the facts of this case, we upheld the finding of the district court that there was a lack of good faith on the part of the insurance carrier in refusing to settle the claim within its policy limits.

cludes collection of more than half of a subsequent judgment from the other joint tortfeasor nor does it preclude a judgment for contribution against the released tortfeasor. State Farm Mut. Auto. Ins. Co. v. Continental Cas. Co., supra.

To accept the trustee's interpretation of this offer is to assume that Carol Lind offered to accept $10,000 in settlement of half of her claim. Under the prior settlement proposal she was to receive $70,000, and in view of the obvious ability of Thorne to eventually satisfy the full amount of any judgment, this is an unwarranted assumption.

It is clear that it was a matter of first importance to Lund that he be protected from a judgment for contribution in order to preserve intact any judgment in his favor against Thorne. Under these circumstances, we hold that defendant did not act in bad faith in rejecting the offer of compromise settlement.

Assuming, *arguendo*, that Carol Lind's offer to settle would have protected Lund from a judgment for contribution, "it is not bad faith if counsel for a liability insurer refuses to settle the claim of an injured person under the *bona fide* belief that the insurer might defeat the action or keep the verdict within the policy limits." Maroney v. Allstate Ins. Co., 12 Wis.2d 197, 200–201, 107 N.W.2d 261, 263 (1961).

■ The record in this case is devoid of evidence tending to show that defendant did not entertain a good faith belief that Carol Lind's cause of action against Lund might be completely defeated. Rather, the evidence shows that defendant, through Sheldon and others, made a thorough investigation of the circumstances surrounding the accident, and on the basis of this examination determined that there was a good chance of a finding that Lund was not causally negligent. The instant case is thus dissimilar to Hilker v. Western Automobile Ins. Co., 204 Wis. 1, 231 N.W. 257, on rehearing,

235 N.W. 413 (1931), where the insurer made a "careless if not shiftless" investigation of the facts and was unable to form any bona fide belief as to its insured's liability and Lanferman v. Maryland Casualty Co., 222 Wis. 406, 267 N. W. 300 (1936), where the insurer's investigation disclosed a liability in excess of its policy limits.

■ The trustee, relying on our decision in Royal Transit v. Central Surety & Ins. Corporation, 7 Cir., 168 F.2d 345 (1948), cert. denied, 335 U.S. 844, 69 S.Ct. 68, 93 L.Ed. 395, points to the fact that Lund was found guilty of negligence as a matter of law as tending to show that a bona fide belief to the contrary could not have been reasonably entertained by defendant. Analysis of the underlying tort action in the Royal Transit case led to the following statement: "Any belief entertained by the defendant [insurer] that it could successfully defend the cause of action there asserted must have sprung from an optimism unrelated to the realities of the situation." Id. at 347. Our examination of the testimony in the tort action involved in the instant case leads us to an opposite conclusion. There was a reasonable basis for defendant's determination that the cause of action against Lund might be completely defeated.

The finding that Lund was negligent as a matter of law shows only that defendant was wrong in its belief to the contrary. The Supreme Court of Wisconsin has recognized that "[c]ourts, as well as attorneys, sometimes differ on the law applicable to a given state of facts." Berk v. Milwaukee Automobile Ins. Co., 245 Wis. 597, 608–609, 15 N.W.2d 834, 839 (1944). Defendant can not be held liable in this action for a mistaken belief that Lund was not guilty of any causal negligence.

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.