PEIFFER, Appellant, v. ALLSTATE INSURANCE COMPANY, Respondent.

*No. 109. Argued May 3, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 182.)

330

For the appellant there was a brief by *O'Meara &
O'Meara* of West Bend, and oral argument by *Stephen
O'Meara.*

For the respondent there was a brief by *Fulton, Menn & Nehs,* attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson.*

ROBERT W. HANSEN, J.    Analysis of the impact of the partial settlement and release upon the rights and liabilities of the parties litigant begins with the *Bielski Case,*[1] where this court held that, in the establishment of contribution rights between joint tort-feasors, damages were to be ratably allocated in proportion to the percentage of causal negligence attributable to each joint tort-feasor. Before *Bielski,* the percentage of liability of each joint tort-feasor was as a matter of law equal in proportion to the number of joint tort-feasors.[2] A release of one of several joint tort-feasors satisfied a definite percentage of the cause of action, and, while the plaintiff in a personal injury action could bring suit against a nonsettling tort-feasor, he was limited in recovery to that portion of the action that had not been settled.[3] Accordingly, there was no right to contribution against the tort-feasor who had been released from liability, nor could such settling party be made a party defendant in the action.[4]

In light of *Bielski,* the question arose whether it would be feasible to effect a settlement of claim with fewer than all of alleged multiple joint tort-feasors. Would the defendants who settled the claim against them and secured a release of such claim be protected from further liability under *Bielski* for contribution claims from nonsettling joint tort-feasors? Could such settling defendants still be named as defendants in lawsuits brought against those defendants who had not settled?

[1] *Bielski v. Schulze* (1962), 16 Wis. 2d 1, 6, 114 N. W. 2d 105.
[2] *Heimbach v. Hagen* (1957), 1 Wis. 2d 294, 297, 83 N. W. 2d 710.
[3] *Id.* at page 296.
[4] *Id.* at page 296.

In the *Pierringer Case*,[5] this court answered these questions, laying to rest any apprehension that *Bielski* would operate as a roadblock to the partial settlement of personal injury claims against multiple defendants by less than all of them. In that case it was made clear that:

". . . As stated in *Bielski*, we did not believe the change in the rule of contribution presented insuperable difficulties in drafting releases and suggested in order for a plaintiff to give a release or covenant which would protect the settling tort-feasor from a claim of contribution that the plaintiff must agree to satisfy such percentage of the judgment he ultimately recovers as the settling tort-feasor's causal negligence bears to all the causal negligence of all the tort-feasors. This was descriptive of the situation where the plaintiff sued the nonsettling tort-feasor and recovered a judgment for the full amount of the cause of action. *We might well have added 'or by the release he satisfies his cause of action to the extent of and releases the nonsettling tort-feasor for such percentage,' and the effect would be the same.* In the former case the plaintiff partially satisfies a judgment for the full damages while in the latter case the judgment is entered only for the unsatisfied percentage or portion of the damages." [6] (Emphasis supplied.)

It is a *Pierringer*-type release that the trial court held the release here involved to be. As such, it released the settling tort-feasor from any future liability, including contribution, deriving from the automobile accident involved. Additionally, it assured that the settling tort-feasor could not be made a party defendant in any action brought against nonsettling tort-feasors. Thus, since the plaintiff is limited in recovery to the unsatisfied percentage of the damages—the percentage attributable to the nonsettling tort-feasor—there is to be no payment

[5] *Pierringer v. Hoger* (1963), 21 Wis. 2d 182, 124 N. W. 2d 106.
[6] *Id.* at page 189.

sought beyond the nonsettling tort-feasor's share and there is no basis for contribution.

In urging the contrary interpretation that the release left untouched the plaintiff-appellant's right to seek the whole cause of action against the defendant-respondent, the plaintiff-appellant relies entirely upon the last paragraph, added to the release. It is undisputed that, without such last paragraph, the release is a standard *Pierringer*-type release. To interpret the release as urged by appellant would make meaningless substantial portions of the release. The entire second sentence of the first paragraph wherein appellant releases and discharges a fraction of his cause of action equal to that of the settling tort-feasor's negligence would be voided. The sixth paragraph wherein appellant reserves the balance of his cause of action would be altered to reserve instead the whole cause of action. The next to last paragraph wherein the plaintiff-appellant agrees to indemnify the parties released from any claims of contribution would become meaningless unless read to require reimbursement by plaintiff-appellant, after the liability for contribution by the settling tort-feasor had been satisfied, an indirect route to respondent's claim that the appellant is entitled only to the unsatisfied portion of the total negligence attributable to the nonsettling tort-feasor's negligence.

A release is to be treated as a contract.[7] A construction which gives effect to every word of a contract should be preferred to one which results in surplusage.[8] ". . . An interpretation which gives a reasonable meaning to all provisions is to be preferred to one which leaves part of the language useless or inexplicable. . . ."[9] It is a basic rule of construction that a

[7] *Nelson v. Boos* (1959), 7 Wis. 2d 393, 96 N. W. 2d 813.

[8] *McCullough v. Brandt* (1967), 34 Wis. 2d 102, 106, 148 N. W. 2d 718.

[9] *Nelson v. Boos, supra,* at page 399.

contract is to be construed as a whole in order to carry out the true intent of the parties.[10] It follows that ". . . the agreement must be considered as a whole and all parts harmonized as far as possible. . . ."[11] In that endeavor the intent of the parties, as discernible from the contract and circumstances surrounding its execution, is a relevant factor.

If appellant's construction of the effect of the release were accepted, we would be holding that the plaintiff-appellant intended to give almost nothing and the American Family intended to receive almost nothing for the $10,000 paid. In the absence of a release, the plaintiff-appellant had a right to recover against any joint tort-feasor the total amount of the damages to which he was entitled,[12] with the joint tort-feasor who pays more than his equitable share entitled to seek contribution from other joint tort-feasors.[13] Each joint tort-feasor could be named as a party defendant in a suit for total damages. Under plaintiff-appellant's interpretation of the release, the right of contribution would not be extinguished and the right to name the settling tort-feasor as defendant would remain. In sum, the respective rights and liabilities, existing at the time of the execution of the release, would be unchanged by the release, except for entitlement to a $10,000 credit for an advance payment on eventual possible liability. So we find the trial court's construction of the effect of the release more reasonable, viewing the release in its entirety and seeking to harmonize its various provisions

[10] *Estate of Schmitz* (1962), 17 Wis. 2d 412, 117 N. W. 2d 249.

[11] *Goldmann Trust v. Goldmann* (1965), 26 Wis. 2d 141, 146, 131 N. W. 2d 902.

[12] *Zurn v. Whatley* (1933), 213 Wis. 365, 372, 251 N. W. 435.

[13] *Mutual Automobile Ins. Co. v. State Farm Mut. Automobile Ins. Co.* (1954), 268 Wis. 6, 8, 66 N. W. 2d 697. *See also: Standard Accident Ins. Co. v. Runquist* (1932), 209 Wis. 97, 244 N. W. 757.

in light of the apparent intent of the parties to it. It is incidental, but not immaterial, that such construction of the release furthers the goal of encouraging settlements of claims against joint tort-feasors.[14] The encouraging of settlements of personal injury claims contributes not only to the lessening of court case loads but also to the lessening of delays and the prompter recovery of damages sustained by those injured in accidents. Chilling out-of-court settlements of personal injury claims would not serve the interests of plaintiffs, defendants or the general public.

*By the Court.*—Judgment affirmed.

---

[14] "The social policy favoring settlements is stronger than that favoring contribution among tort-feasors. . . ." *Smith v. Rural Mut. Ins. Co.* (1963), 20 Wis. 2d 592, 603, 123 N. W. 2d 496. *See also: Heimbach v. Hagen, supra,* wherein a plaintiff released one half of his cause of action, holding that the nonsettling tort-feasor did not have a right to contribution and that plaintiff could recover only one half of his claim against the nonsettling tort-feasor.